## BIGGS, liquidating agent, *v.* McBRAYER.

RUSSELL, C. J.   1. Where it is alleged in an equitable cross-action that a defendant purchased "the capital stock and assets" of a named business, demurrers based upon the ground that the purchase of the capital stock necessarily included all the assets of the corporation were properly overruled.   It plainly appears from the cross-action in this case that the corporation the shares of stock and assets of which were the subject of an agreement of purchase and sale between certain individuals (who happened to constitute all of the stockholders of the corporation) was in no way involved.   No corporate action was sought or obtained. The sale of the shares of capital stock theretofore belonging to each of the sellers was made directly to the purchaser, who was the only other shareholder in the corporation.   The vendors, contemporaneously and in connection with the sale of their stock, also guaranteed the existence of certain physical property denominated as assets, and guaranteed the delivery of this property, consisting of cash in bank, lumber, and a certain sawmill outfit remote from the situs of the lumber plant of the corporation.   It is alleged that upon the consideration of the delivery of this transient and variable physical property, the character, quantity and value of which the vendors warranted, the vendee delivered, not to the corporation, but to these individuals, the promissory note which is the basis of this suit.   The defendant's answer was based upon a partial failure of consideration, in consequence of the breach of the contract by the payees of the note, and it was contended that the liability for this breach extended to the plaintiff, because it was not a bona fide purchaser, in that the plaintiff purchased the note when there had been default and two past due-installments were unpaid.

2. A corporation, either by corporate action or by the unanimous consent of the stockholders and directors of the corporation, may sell all or any part of the corporate property.   A corporation may lawfully sell property which for convenience and purposes of identification may be denominated as "assets," for the reason that this property is not essential to the conduct and carrying on of the business for which the corporation was chartered; and under like circumstances a corporation, when it has no creditors or the rights of creditors are not affected, may sell its entire property and cease to operate.

3. In a case where all the stockholders except one agree to sell their

capital stock to the only other stockholder, the purchasing stockholder would become the owner of the entire capital stock, and would be empowered to exercise the corporate powers of the corporation until the same be dissolved in a manner prescribed by law. However, in these circumstances, the transaction as between the contracting parties would be merely a personal transaction between individuals.

4. In the circumstances just stated it is not unlawful for the contracting parties, comprising all of the stockholders of the corporation, to agree and determine among themselves the nature, quantity, and value of the corporation's property essential to its operation or which has been contributed to the original capital stock, and likewise to determine what property, if any, consists of profits or property purchased subsequently to the incorporation, which may properly be denominated as assets, aside from the par value of the shares of stock in the corporation.

5. The court did not err in its judgment overruling the demurrers to the cross-action of the defendant.

6. Under the facts of this case the defendant was entitled to set up, by way of recoupment, damages accruing from the breach, by the payees named in the note sued on, of the contract to deliver named articles of personal property, including a stated amount of cash in bank, as set forth in the cross-action. These breaches of contract resulted in a partial failure of consideration of the note which was the basis of plaintiff's suit.

7. The evidence authorized the verdict. The assignments of error contained in the five special grounds of the motion for new trial, based upon rulings of the court on admissibility of evidence, are without merit. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 8336. JANUARY 16, 1932. REHEARING DENIED MARCH 2, 1932.

246

*J. P. Wilhoit* and *Clement E. Sutton,* for plaintiff.

*E. P. & J. Cecil Davis,* for defendant.

ON MOTION FOR REHEARING.

RUSSELL, C. J.  In this case the action was a suit upon a note executed and delivered by McBrayer, payable to T. B. Lovelace, T. P. Lovelace, R. A. Lovelace, and W. B. Whiteside, which had

been transferred to the Farmers Bank & Trust Co., of which the plaintiff is the liquidating agent. To this suit the defendant filed an equitable cross-action in which he set up, among other things, a partial failure of consideration, due to the failure of the original payees to deliver certain named property and assets valued and included in the amount for which the note was given; and he asked that the value of the property which the payees agreed to deliver to him be allowed by way of recoupment and set-off, and that certain deeds which he had given as security be canceled as a cloud upon his title. He alleged, as one of the means of identification of his purchase from the individual payees of the note, that he purchased the capital stock and assets of the Lovelace-McBrayer Lumber Co. In the cross-action the term "capital stock and assets" is minutely and specifically mentioned. Demurrers based upon the ground that the purchase of the capital stock necessarily included all the assets of the corporation were properly overruled, inasmuch as it plainly appears from the allegations of the cross-action as a whole that the entire transaction which furnished the consideration for the note was a matter of individual dealings, by which the corporation was not affected or in any way involved. The only effect of the transaction which culminated in the execution of the note was to transfer to the maker of the note whatever interest the payees of the note had in any of its assets, whether attached to or detached from the property essential to the operation of the corporation, whether attached to or detached from its manufacturing plant, as well as the certificates of stock of each of these individual owners, which served the purpose of evidencing the right of each to enjoy the franchise of the corporation and participate in its management.     *Rehearing denied.*