## 59135. CITIZENS BANK, DOUGLASVILLE v. WIX.

SHULMAN, Judge.

Plaintiff-bank brought this action to recover upon a promissory note executed by defendant. Plaintiff-appellant subsequently filed a motion for summary judgment, submitting that there were no genuine issues of material fact in regard to the bank's right of recovery.

The trial court denied plaintiff's motion on the grounds that issues of fact remained on defendant's defense of fraud. From that denial, plaintiff brings this interlocutory appeal. We reverse.

Since the defendant admitted executing the note in question (and not making any payments on the note), and since the note, on its face, shows that it is past due and in default, plaintiff established a prima facie right to judgment. See *Beazley v. Ga. R. Bank &c. Co.,* 144 Ga. App. 215 (1) (241 SE2d 39). The burden was thus upon defendant to plead and establish an affirmative defense to plaintiff's claim. *Freezamatic Corp. v. Brigadier Ind. Corp.,* 125 Ga. App. 767 (189 SE2d 108). Defendant has failed to do so.

An examination of the evidence submitted on motion for summary judgment, scrutinized in a light most favorable to defendant, reveals the invalidity of defendant's asserted defense of fraud.

Defendant claimed that the president of plaintiff bank promised defendant that if defendant would purchase certain lots and partially completed homes from the plaintiff (giving in exchange certain notes therefor), it would cost defendant nothing. After defendant had sold and traded the above-named properties (the proceeds being credited to defendant-appellee's note obligations), the president of plaintiff bank made demand upon the defendant for the remainder of the debt owing on the notes (the deficiency balance). It was following this demand that defendant signed the promissory note at issue.

"The renewal of a note [giving a note in renewal of another] in order to obtain an extension of time for payment, done with knowledge of defenses . . . works an estoppel to urge, against the subsequently executed instrument, the defenses of which the maker had knowledge at the time." *Massey v. Elec. Wholesalers, Inc.,* 137 Ga. App. 829 (1) (224 SE2d 811).

In the case at bar, defendant was specifically informed that the bank intended to collect on the deficiency. Indeed, defendant signed the promissory note at issue, knowing of, and in response to, the bank's intention to bring suit for the collection of the deficiency if payment was not made.

*First Nat. Bank of Dalton v. Black,* 108 Ga. 538 (2) (34 SE 143), cited by defendant-appellee, rather than supporting appellee's contention, lends support to the trial court's judgment, in that here the subsequent note (a renewal of the debt evidenced by a new note) was not made "under the same promise that induced the original obligation." Id., p. 542. In the instant action, defendant acknowledges that he was informed of the bank's intention to collect on the original note.

This being so, by signing the promissory note (in alleged settlement or apparent compromise of the disputed deficiency) with knowledge of plaintiff's intent to hold defendant liable on the note, defendant is estopped from asserting the defense of fraud or lack of consideration based upon the parties' original agreement and obligation. Compare *First Nat. Bank of Dalton,* supra. See *Tyson v. Woodruff,* 108 Ga. 368 (33 SE 981).

Since plaintiff has established its entitlement to judgment as a matter of law, notwithstanding defendant's allegations of fraud, the trial court erred in denying plaintiff's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED APRIL 7, 1980.

*Walter P. Rowe,* for appellant.
*Harold A. Lane,* for appellee.