### 64233. MILDE v. HARRISON.

DEEN, Presiding Judge.

Gary Milde, appellant, and Danny Harrison, appellee, entered into a contract which provided that Harrison would build a house for Milde. Subsequent to the closing, but on the same day, Milde executed a note to appellee in the amount of $2,850.00. After Milde defaulted on the note, a demand was made and suit was eventually brought on the oustanding balance of $2,777.45. Appellant answered claiming there was no consideration for the note and that the note was signed under duress at the closing because Harrison refused to sell the property and close the sale unless the note was signed. Milde also counterclaimed for other damages claiming that he was not credited with certain work he had done during construction and that certain defects appeared in the house. Harrison moved for summary judgment on his complaint and filed an affidavit claiming that the note represented the balance owed for construction of the house, that the amount was negotiated with the defendant and his attorney at closing, that the defendant had made five payments under the note, and that he did not threaten or coerce the defendant into executing the note. The attorney who represented Milde at the closing filed a counter-affidavit claiming that at closing Harrison threatened to hold up the finalization of the closing, would see to it

that the defendant and his family had to move out of the house, and would sell the house to another purchaser. He further stated that there was no accounting by the plaintiff of the costs of construction to support a claim of money owed by the defendant. Milde appeals from the grant of summary judgment in favor of Harrison. *Held:*

Appellant admits signing the note and does not deny the claim in Harrison's affidavit that he made payments on the note. The absence of consideration is not a defense when a contract is under seal. *Deep South Services v. Wade,* 248 Ga. 80 (281 SE2d 561) (1981). Appellee does not deny that he insisted on money he felt the defendant owed him, but denies making any threats. Even if his statements were construed to be threats, " '[M]ere threats can not constitute duress.' " *Newman v. City Council of Augusta,* 42 Ga. App. 268 (155 SE 785) (1930). If a debtor has made partial payments under a contract, he cannot attack the contract on the ground of duress and fraud. He is considered to have waived the other party's acts if he has knowledge of the facts on which he bases his claim of duress and fraud. *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329 (268 SE2d 384) (1980). Here, only duress has been presented as a defense and it has been waived by the payments on the note.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 2, 1982.

*Virginia B. Garrett,* for appellant.
*Leo W. Clifton,* for appellee.