### 67598. STEPHENS v. CITIZENS & SOUTHERN NATIONAL BANK.

CARLEY, Judge.

Appellant signed a guaranty agreement which guaranteed payment of a promissory note executed by a co-worker in favor of appellee-payee. The maker of the promissory note subsequently defaulted, and appellee called upon appellant to honor her guaranty. To that end, at appellee's request, appellant executed a promissory note payable to appellee in the amount of $3,369.24. Appellant subsequently defaulted on this note, and appellee initiated suit against her to recover the unpaid principal, interest, and attorney fees due thereon. Appellant answered and counterclaimed, setting forth the defenses of failure of consideration and fraud. The trial court granted summary judgment to appellee on both its claim and appellant's counterclaim.

1. Appellant enumerates as error the granting of appellee's motion for summary judgment. Appellant contends that her original guaranty of her co-worker's note was a void obligation because, when she signed it, it was a mere form agreement with none of the blanks filled in. Therefore, appellant asserts that a genuine issue of fact remains as to whether she received any consideration for the promissory note that she subsequently executed and on which she is being sued.

Even assuming that, on this evidence, the defense of failure of consideration could have been raised in a suit brought against appellant on the guaranty agreement itself, she is estopped from raising that defense in the present suit brought on the subsequently executed promissory note. " 'The renewal of a note . . . in order to obtain an

extension of time for payment, done with knowledge of defenses . . . works an estoppel to urge, against the subsequently executed instrument, the defenses of which the maker had knowledge at the time.' [Cit.] . . . In the case at bar [appellant] was specifically informed that the bank intended to collect on the deficiency. Indeed, [appellant] signed the promissory note at issue, knowing of, and in response to, the bank's intention to bring suit for the collection of the deficiency if payment was not made . . . This being so, by signing the promissory note (in alleged settlement or apparent compromise of the disputed deficiency) with knowledge of [appellee's] intent to hold [appellant] liable on the note, [appellant] is estopped from asserting the defense of . . . lack of consideration based upon the parties' original agreement and obligation. [Cits.]" *Citizens Bank, Douglasville v. Wix*, 154 Ga. App. 249 (267 SE2d 856) (1980). See also *Massey v. Elec. Wholesalers*, 137 Ga. App. 829 (1) (224 SE2d 811) (1976); *C. & S. Nat. Bank v. Yeager Enterprises*, 247 Ga. 797 (279 SE2d 674) (1981).

2. Error in the granting of appellee's motion for summary judgment is also urged on the basis that a question of fact remained as to whether appellant was fraudulently induced to execute the promissory note. Appellant alleged in her complaint that she was fraudulently induced to execute the promissory note by appellee's misrepresentation that she was liable for payment of the defaulted promissory note, when appellee knew that the guaranty agreement was void.

"In actions for fraud the misrepresentations relied on must relate to *past or existing facts*. [Cits.] Misrepresentations as to a question of law cannot constitute remediable fraud, as such representations are ordinarily regarded as mere expressions of opinion. [Cits.] This is especially true where there is no confidential relationship between the parties. [Cits.]" (Emphasis supplied.) *Brown v. Mack Trucks*, 111 Ga. App. 164, 166 (141 SE2d 208) (1965).

Furthermore, appellant has not alleged that she was precluded from reading the promissory note. "One having the capacity and opportunity to read a written contract and who signs it, not under any emergency, or whose signature is not obtained by trick or artifice of the other party, cannot afterward set up fraud in the procurement of his signature to the instrument. [Cit.]" *Feltman v. Nat. Bank of Ga.*, 146 Ga. App. 434, 437 (246 SE2d 447) (1978). See also *Robbins v. Nat. Bank of Ga.*, 241 Ga. 538, 543 (246 SE2d 660) (1978).

Accordingly, we find that the trial court did not err in granting summary judgment to appellee on both the main claim and the counterclaim. See generally *Bowman v. McDonough Realty Co.*, 143 Ga. App. 128 (237 SE2d 647) (1977).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Decided May 3, 1984.

*Alden W. Snead,* for appellant.
*James H. Mobley, Jr.,* for appellee.