### 67740. McGEE v. GILLIS et al.
### 67920. GILLIS v. McGEE.

SOGNIER, Judge.

W. H. Gillis sued Richard McGee on a promissory note. McGee answered and filed a third-party complaint against Jane McGee Gillis, his ex-wife and Gillis' present wife. She counterclaimed against McGee. All parties filed motions for summary judgment. The trial court granted W. H. Gillis' motion for summary judgment but denied McGee's motions for summary judgment against the two Gillises (Case No. 67740) and Jane M. Gillis' motion made against McGee (Case No. 67920). Both Richard McGee and Jane M. Gillis appeal; their appeals are consolidated in this opinion.

McGee executed the promissory note in question to the Southern Bank of Waycross, Georgia in 1982. A deed to secure debt on property in Waycross, Georgia was used as security for the note. However, the Waycross property had been awarded to McGee's former wife, Jane McGee Gillis, in the couple's 1979 divorce settlement agreement "subject to the outstanding indebtedness thereon which [Jane McGee Gillis] shall be responsible for." After the divorce, Jane McGee Gillis made payments on two notes held by Fulton Federal Savings and Loan Association which were secured by the property. Although it is unclear whether she knew at the time of the divorce that the Southern Bank also held a deed to secure debt on the Waycross property, it is uncontroverted that Jane McGee Gillis made no payments on any debts secured by this deed and that Richard McGee used the deed as security for various personal business loans he transacted with Southern Bank after the divorce. When Richard McGee ceased making payments on the promissory note in question, Southern Bank notified Jane M. Gillis, who had married W. H. Gillis in the interim, that it intended to foreclose on the Waycross property. Thereafter, W. H. Gillis purchased the note from Southern Bank, made demand upon McGee for payment, and filed suit when McGee failed to pay.

1. Richard McGee contends the trial court erred in granting W. H. Gillis' motion for summary judgment and denying his motion. McGee admitted that he executed the note in question to Southern Bank for a valid consideration and without fraud, that he had made some payments on the indebtedness but the remainder of the debt payments was overdue and in default, that Southern Bank assigned the note to Gillis, and that Gillis had made demand for payment from him for the note. Thus, W. H. Gillis established a prima facie case for recovery. See *Citizens Bank, Douglasville v. Wix*, 154 Ga. App. 249 (267 SE2d 856) (1980). The burden then shifted to McGee to come forward with " 'specific facts showing that there is a genuine issue for trial,' " *Hathcock v. Nat. Bank of Ga.*, 147 Ga. App. 134, 135 (248

SE2d 206) (1978), which he failed to do. The trial court properly granted W. H. Gillis' motion for summary judgment and properly denied McGee's motion for summary judgment.

2. Turning to the third-party complaint, we hold that the trial court erred in failing to grant Jane M. Gillis' motion for summary judgment against McGee's claim that she was obligated by the 1979 divorce decree to pay the indebtedness McGee incurred on the Dean Drive property two years after the divorce. There is no conflict that the clear language of the divorce decree did not place any obligation on Jane M. Gillis to assume responsibility for a debt incurred by her former spouse in regard to his private business transactions two years *after* the divorce was finalized. Thus, there is no merit in Richard McGee's allegation that enforcement of the 1982 promissory note by W. H. Gillis illegally modified the 1979 divorce decree. Where the allegations of the pleadings are pierced and there is no issue of material fact so that a party is entitled to judgment, it is then incumbent upon the court to grant a motion for summary judgment. *Gregory v. Vance Pub. Corp.*, 130 Ga. App. 118, 120 (3) (202 SE2d 515) (1973). Therefore, the trial court erred in failing to grant the motion for summary judgment made by Jane M. Gillis against McGee's third-party complaint.

Further, we hold that the trial court erroneously failed to grant summary judgment to McGee against Jane M. Gillis' counterclaim in that the deposition testimony of Jane M. Gillis resolved all issues of material fact in the counterclaim against her. OCGA § 9-11-56 (c).

*Judgment affirmed in part and reversed in part in Case No. 67740. Judgment reversed in Case No. 67920. McMurray, C. J., and Deen, P. J., concur.*

Decided May 21, 1984.

*Ronald B. Thomas*, for appellant (case no. 67740).
*C. Edwin Rozier, J. Edwin Peavy*, for appellees.
*J. Edwin Peavy*, for appellant (case no. 67920).
*Ronald B. Thomas, C. Edwin Rozier*, for appellee.