76251. RHODES v. PERIMETER PROPERTIES, INC. et al.
(369 SE2d 332)

BIRDSONG, Chief Judge.

Rhodes, the defendant below, having been sued for breach of a real estate sales contract, brought in his realtors Perimeter Properties, Inc. and Realty Marketing Group, Inc. as third party defendants. He did not own the property when he contracted to sell it to the plaintiff, but was relying on the contingency that he could purchase it from another. He alleged the realtors are responsible for his liability, if any, to the plaintiff because they fraudulently failed to include in the sales contract, which they prepared, a clause excusing Rhodes from any obligation as seller unless he was first able to purchase the property.

The trial court dismissed the appellees as third parties, based on the appellant Rhodes' own failure to read the contract before he signed it. On appeal, Rhodes contends his action against the third party realtors is sustained by the fact that the appellees, having failed to put the clause in the contract, had a confidential and fiduciary duty to appellant to tell him it was not there. He cites, e.g., *Ringer v. Lockhart*, 240 Ga. 82 (239 SE2d 349) and *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) for authority that where a confidential relationship exists, concealment when there is a duty to disclose is actionable as fraud. See also OCGA § 23-2-53, as to the suppression of a material fact by one under an obligation to communicate; and § 23-2-52. The appellant raises no issue of fact except that a jury might find under the conflicting evidence that the appellees had a confidential and fiduciary duty to "prepare a sales contract based on their representations to him and their knowledge of the circumstances," and that they fraudulently concealed the fact that they did not put the clause in the contract. *Held*:

The trial court did not err in granting summary judgment to the

third party appellees.

Assuming there existed between the appellant seller, Rhodes, and the appellee realtors such a confidential or fiduciary relationship as entitled Rhodes to rely absolutely upon the accuracy of the contract drawn up for him and the buyer by the appellee realtors, or entitled him to rely upon its compliance with his directions (see OCGA § 23-2-53); and generally *Cochran v. Murrah*, 235 Ga. 304, 305 (219 SE2d 421); *Morrison v. Roberts*, 195 Ga. 45 (23 SE2d 164)), nevertheless, there was no evidence of suppression, concealment or misrepresentation by the third parties in this case. This is not a case where the fiduciary is accused of fraud by intentionally concealing a fact for the purpose of obtaining an advantage or benefit. See *Georgia Real Estate Comm. v. Brown*, 152 Ga. App. 323, 324-325 (262 SE2d 596). In a case involving a fiduciary duty to disclose, an allegation of constructive fraud, which may be consistent with innocence and arises in legal fiction only by virtue of the relationship and the consequent high duty, should still require at least some degree of misrepresentation or bad faith. See *Gaultney v. Windham*, 99 Ga. App. 800, 805 (109 SE2d 914). The rule in this state is that he who can read must read; failure to read a document on the basis solely of reliance upon the fiduciary or other special duty of the other party, may be excused as between the parties themselves (see *Van Den Berg v. Northside Realty Assoc.*, 172 Ga. App. 591 (323 SE2d 839)); but where there is no evidence of suppression, misrepresentation or concealment or bad faith so as to impute moral guilt, the mere omission of a matter from a document coupled with the failure to reveal the omission, can hardly be even constructive fraud unless it is "contrary to good conscience." OCGA § 23-2-51 (b).

In this case the appellant sought to sell real estate he did not yet own; therefore, clearly the entire enterprise hung upon the fact that he must not be bound or liable on contract to sell the property unless he was able to first buy it. The proposition was all-risk unless he was able to buy it; but his great confidence in undertaking the proposition subject to that risk was attended by the necessity of keener vigilance. In short, this risk of selling property he did not own and the necessity for this contingency clause should have been foremost on his mind. The contract consisted of only one and one-half printed legal pages; it is undisputed that he had full opportunity to read the contract and in fact did read at least parts of the contract, made several changes in its terms and signed his name on each page of the brief contract.

Considering the fact that the entire obligation to which he signed his name was to sell property he did not own, and considering the fact that this contract was a short and simple one, and he admits he had the opportunity to read the whole thing, and he did read parts of it and studiously affixed such changes as he desired, and there was no

concealment, suppression or misrepresentation by the third party, we think reasonable minds cannot differ that he was not misled as to the contents of the document, nor was any failing of it concealed, suppressed or misrepresented "contrary to good conscience," nor did he rely upon the appellees as having put the clause somewhere in the document. We think in the circumstances of this case reasonable minds could not differ that he was bound to keener vigilance on his own behalf and was not entitled to the extraordinary privilege of relying on the fiduciary relationship to relieve him of his ordinary duty to read this document. There being no genuine issue of material fact as to this, the trial court did not err in granting summary judgment to the third party appellees.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 3, 1988.

*Everett D. Caldwell*, for appellant.

*Anthony O. L. Powell, Lawrence S. Burnat, W. Howard Fowler,* for appellees.