### 77603. MORAN v. NAV SERVICES et al.
(377 SE2d 909)

CARLEY, Chief Judge.

Appellant-plaintiff filed a complaint, asserting claims for breach of contract and fraud against appellee-defendants. Appellees answered, denying the material allegations of the complaint. After a period of discovery, appellees moved for summary judgment as to both counts of appellant's complaint. Appellant appeals from the trial court's grant of appellees' motion for summary judgment.

1. On appellees' motion for summary judgment, the trial court had before it two documents which had been executed on April 3, 1986. The first of the documents was denominated a "Memorandum of Sales Agreement" and, by its terms, this agreement evidences the purchase by appellee NAV Services (NAV) of all of the stock of At-

lanta Tours, Inc. (ATI). The second document was denominated a "Memorandum of Agreement" and, by its terms, this agreement evidences the employment of appellant by ATI. In opposition to appellees' motion for summary judgment, appellant urged that the two agreements, although ostensibly entirely separate contracts, should be construed as forming but one agreement whereby appellant's employment with ATI was an element of the consideration for ATI's agreement to be purchased by appellee NAV. In support of appellant's contention that her claims against appellees were ultimately premised upon a contract of sale rather than of employment, she offered parol evidence as to the intentions of the parties. The trial court, however, refused to construe the two agreements together. Appellant enumerates this evidentiary ruling as erroneous.

"In cases of contemporaneous agreements *between the same parties with relation to the same subject matter*, each writing may be used to ascertain the true intention of parties and may authorize a determination that[,] when construed together[,] they constitute[,] as a whole[,] but one contract. [Cit.]" (Emphasis supplied.) *Employers Commercial Union Ins. Co. v. Wrenn*, 132 Ga. App. 287, 288 (2) (208 SE2d 124) (1974). In the present case, however, the two agreements, although apparently contemporaneous, are not between the same parties and are not related to the same subject matter. Accordingly, the principle of *Wrenn* would not be applicable. The only contract to which appellant is a party is the "Memorandum of Agreement." The unambiguous "Memorandum of Agreement" is not amenable to supplementation or elaboration through the use of parol evidence. *Gatins v. NCR Corp.*, 180 Ga. App. 595 (349 SE2d 818) (1986). As the "Memorandum of Agreement" clearly relates only to the employment of appellant by ATI, the trial court did not err in so holding.

2. The trial court found that the "Memorandum of Agreement" constituted an employment contract which was terminable at will. Appellant enumerates this finding as erroneous.

As the contract gives no indication of the duration of the employment, it necessarily follows that appellant's employment "was for an indefinite period, terminable at the will of either party." *Hickman Datsun v. Foster*, 181 Ga. App. 229, 230 (1) (351 SE2d 678) (1986). Accordingly, this enumeration is without merit.

3. The trial court's grant of summary judgment in favor of appellees on appellant's fraud claim is enumerated as error. Appellant urges that a genuine issue of material fact remains as to whether appellees had no intention of honoring the "Memorandum of Agreement" at the time that it was executed.

"One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. [Cits.] Further, in the absence of special circum-

stances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. [Cits.]" *Hubert v. Beale Roofing*, 158 Ga. App. 145, 146 (279 SE2d 336) (1981). See also *Chastain v. Schomburg*, 258 Ga. 218 (367 SE2d 230) (1988); *Craft v. Drake*, 244 Ga. 406 (260 SE2d 475) (1979); *Rhodes v. Perimeter Properties*, 187 Ga. App. 55 (369 SE2d 332) (1988). Pursuant to its unambiguous terms, the "Memorandum of Agreement" was an employment contract for an indefinite period and was, therefore, terminable at will by either party. There is absolutely no evidence that appellees did not intend to honor the "Memorandum of Agreement" at the time that it was executed. To the contrary, the undisputed evidence shows that there has never been a failure on the part of appellees to honor the terms of the "Memorandum of Agreement." Termination of appellant's employment at appellees' will is in conformity with, not violative of, the intent of the agreement.

As additional support for her fraud claim, appellant relies upon evidence of a parol representation allegedly made by appellees at the time the documents were executed. According to appellant, she was assured of employment for a three-year period. "Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place ([cits.]), fraud cannot be predicated on a promise which is unenforceable at the time it is made. [Cits.]" *Beasley v. Ponder*, 143 Ga. App. 810 (240 SE2d 111) (1977). Even assuming that appellant's proffered parol evidence as to appellees' alleged promise that her employment was guaranteed for a period of three years was otherwise admissible to vary the terms of the unambiguous written agreement, her fraud claim would still fail. Any agreement that is not to be performed within one year of the making thereof must be in writing to be enforceable. OCGA § 13-5-30 (5). Accordingly, as the alleged parol misrepresentation of a three-year term of employment embodied a promise which was unenforceable at the time it was made, it would not constitute actionable fraud. See *Beasley v. Ponder*, supra. The trial court correctly granted summary judgment in favor of appellees as to appellant's fraud claim.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 12, 1989.

M. Glenn Howell, Sr., for appellant.
James C. Gaulden, Jr., for appellees.