A91A1318. CUMMINS et al. v. HUDSON & MARSHALL, INC.
(413 SE2d 240)

Judge Arnold Shulman.

The appellants, Robert and Shelia Cummins, brought suit against the appellee seeking to recover damages for fraud and for alleged violations of the Fair Business Practices Act (FBPA) (OCGA § 10-1-390 et seq.) and the Uniform Deceptive Trade Practices Act (UDTPA) (OCGA § 10-1-370 et seq.) stemming from their purchase of five duplexes. The trial court granted summary judgment to the appellee, and this appeal followed.

The appellee was retained to sell at auction certain assets belonging to Bevins, including a group of duplexes known as Township Square Apartments. Mr. and Mrs. Cummins learned of the auction from a newspaper ad run by the appellee the weekend before the auction took place. This ad provided in part as follows: "[P]roperty numbers 101-131; model open weekdays from 9 a.m. — 5 p.m. and Sunday 1 p.m. — 5 p.m." Three days before the auction, Mr. Cummins went to Township Square Apartments, where he met with Bevins and obtained a sales brochure prepared by the appellee which contained the following language: "BUYERS NOTE: The sellers reserve the right to add or delete any property from this auction at any time. Personal on-site inspection of each property is recommended. All property sold 'as is — where is' with no warranties either express or implied. . . . Appliances or other personal property missing at closing will not be replaced by the seller. Information was gathered from reliable sources and is believed to be correct; however, it is not guaranteed. All announcements made at the auction take precedence over all other advertising. There is no minimum starting bid for any unit."

Bevins allowed Mr. Cummins to inspect two of the units, one of which was being used as an office, but informed him that he could not inspect the other units because they were occupied. Mr. Cummins testified in his deposition that he was prepared to purchase several units from among eight which he had selected based on their anticipated rental income as shown on the sales brochure. At the auction, which took place February 3, 1988, he purchased five duplexes which he had not previously inspected for an aggregate price of $154,500. The sales brochure showed that all of the units were occupied; however, during the closing on the units, Bevins informed Mr. Cummins that four of the ten units in question were vacant.

The appellee's motion for summary judgment was supported by

the affidavit of the auctioneer, who was one of the appellee's corporate officers. He averred that he had announced that the units were being sold "as is — where is," with no warranties as to condition, that the appellee was making no representations of any kind as to the correctness of the information included in the sales brochure, and that occupancy information was subject to change. Mr. Cummins acknowledged that the auctioneer had informed the audience that there had been some changes in occupancy and that some units might be vacant which were not listed as vacant on the sales brochure. He also acknowledged that he was later able to determine the actual occupancy of the units from utility records on file at city hall. The appellants' sole contention on appeal is that material issues of fact remain with respect to their claim for relief for fraud.

"An action for misrepresentation requires proof of five elements: ' "(1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." (Cit.)' [Cit.]" *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248 (1) (384 SE2d 276) (1989).

There is no evidence in this case that the appellee made any knowingly false representations to the appellants concerning the occupancy of the units, or that it made any representation to them with the intent of deceiving them. Although the appellants contend that the sales brochure furnished to them by the appellee contained misrepresentations concerning occupancy, Mr. Cummins acknowledged that at the time of the auction the auctioneer warned that some of the units might then be vacant which were not shown to be vacant in the brochure. Moreover, the appellants were apprised of the occupancy status of the units by the owner prior to completion of the closing and could have acted on the information at that time. For these reasons, we hold that the trial court did not err in granting summary judgment to the appellee. Accord *First of Ga. Ins. Co. v. Josey*, 129 Ga. App. 14 (3) (198 SE2d 381) (1973).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 22, 1991.

*Grantham & Peterson, William M. Peterson,* for appellants.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellee.