A91A1481. GARDINER v. McDANIEL.
(415 SE2d 303)

CARLEY, Presiding Judge.

Appellee-plaintiff and appellant-defendant were shareholders in a close corporation of which appellee was a director and appellant was the president. In ostensible consideration of the purchase of all of appellee's shares of stock, appellant executed a promissory note in favor of appellee. When appellant defaulted on this note, appellee brought the instant action to recover the accelerated unpaid balance. In his answer, appellant denied any personal liability, alleging, among his other defenses, that the note had been fraudulently misrepresented to him as being a corporate rather than a personal obligation. After discovery, appellee moved for summary judgment. Appellant appeals from the trial court's grant of this motion.

1. " ' "One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. (Cits.) Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar [a defense] based on fraud. (Cits.)' [Cits.]" *Moran v. NAV Svcs.*, 189 Ga. App. 825, 826-827 (3) (377 SE2d 909) (1989). The fraud alleged by appellant consists merely of misrepresentations as to the contents of the note. Appellant does not contend that, prior to his execution of the note, he was prevented from reading it to verify its contents. The only contention is that the fiduciary duty owed by appellee, as a corporate director, relieved appellant, as a corporate shareholder, of the obligation to exercise ordinary dili-

gence to verify the terms of the note that he signed.

As a corporate director, appellee owed a fiduciary duty as to *appellant's* shares of stock. *Oliver v. Oliver*, 118 Ga. 362 (4) (45 SE 232) (1903). In the instant underlying transaction, however, appellee was simply selling *his* shares of stock and he was *not* acting in his capacity as a corporate director. "[I]n these circumstances, the transaction as between the contracting parties would be merely a personal transaction between individuals." *Biggs v. McBrayer*, 174 Ga. 244, 245 (3) (162 SE 787) (1932). "The vendor and vendee of property are not, by virtue of such fact, placed in a confidential relationship to each other, but on the contrary are presumed to be dealing at arm's length. [Cit.]" *Lewis v. Alderman*, 117 Ga. App. 855 (2) (162 SE2d 440) (1968). Moreover, the alleged fraud did not relate to the intrinsic value of the shares of stock themselves, but to whether the express terms of the note evidenced a personal rather than corporate obligation.

Under the evidence of record, there was no special relationship of trust or confidence between the parties, and no genuine issue of material fact remains as to whether appellant was relieved of the duty to exercise due diligence in his own behalf. Construing the evidence most favorably for appellant, the instant case nevertheless comes within the general rule that "he who can read must read[.]" *Rhodes v. Perimeter Properties*, 187 Ga. App. 55, 56 (369 SE2d 332) (1988). It follows that the trial court correctly granted summary judgment in favor of appellee with respect to appellant's personal liability on the note that he signed.

2. Appellee's motion for an assessment of ten percent damages for a frivolous appeal, pursuant to OCGA § 5-6-6, is denied. *Prattes v. Southeast Ceramics*, 132 Ga. App. 584, 586 (3) (208 SE2d 600) (1974).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 3, 1992.

*Alfred L. King, Jr.*, for appellant.
*McGinn, Webb & Warner, Richard P. Lindsey*, for appellee.

