A92A0513. PAIGE et al. v. JURGENSEN et al.
(419 SE2d 722)

Beasley, Judge.

In consideration for sale of stock owned by the appellees Jurgensen and Auer in a restaurant business, the appellants Paige and Beam entered into a written agreement to indemnify, release and hold harmless the sellers from any and all claims on a note and guaranty in the original principal amount of $61,350 and other costs resulting from default on the note. The buyers began operating the restaurant, the note went into default, and appellees were called upon to pay off their pro rata share. They were unsuccessful in obtaining indemnification from the buyers, so they sued to enforce the agreement.

Appellants raised as defenses failure of consideration, fraudulent inducement to enter into the agreement, non-fulfillment of a condition precedent, and ineffective sale because there had been no delivery or transfer of the stock certificates. Appellees moved for summary judgment, contending that the agreement entered into by the parties was clear, complete, unambiguous, and based upon good and sufficient consideration; and that when the appellants allowed the note to go into default the appellees had paid it off, thereby complying with all conditions precedent to their entitlement to indemnity.

In response to the motion for summary judgment, the appellants alleged in their pleadings that an agent of the appellees in negotiating the proposed transfer of the shares of stock held by the appellees' restaurant business had made representations to the appellants contemporaneous to the signing of the agreement that any and all obligations arising from the loan to the restaurant would be met from income generated by the restaurant while it was being operated by the appellants, and the appellants would not be held personally liable for the debt. They further contended that the stock in the appellees' restaurant business had very little, if any, marketable value at the time of the transfer as it had ceased to operate as a place of business and was on the verge of bankruptcy. This appeal is from the grant of summary judgment.

1. The appellants insist that a question of material fact exists as to whether it was represented to them by the appellees' agent that

the document they signed was a preliminary step in an attempt to finalize negotiations for the stock transfer, and that the money to pay off the outstanding loan would come only from the profits or receipts of the restaurant, not from them personally. The written agreement signed by the appellants provides: "In consideration for the sale of the stock in [the appellees' restaurant business] to Paige and Beam, Paige and Beam will hereafter indemnify and release and hold Christian Jurgensen and Auer harmless from any and all claims . . ." against them under the note. The parties signed the document individually, not in the capacity of officers or agents of the restaurant business, and there is no language in the agreement suggesting in any way that the restaurant would be responsible for the indebtedness.

The contract is susceptible to the application of the following principles of law. "Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." *Health Svc. Centers v. Boddy,* 257 Ga. 378, 380 (359 SE2d 659) (1987). " ' "[Such a contract] is the only evidence of what the parties intended and understood by it." (Cits.)' [Cit.]" *Security Trust Fed. S. & L. Assn v. Gill Sav. Assn.,* 197 Ga. App. 242, 245 (398 SE2d 382) (1990). "[N]o construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation. [Cit.] . . . [T]hough parol evidence be admitted without objection or over objection, it is without probative value, to vary terms of a written contract." *Crooks v. Crim,* 159 Ga. App. 745, 748 (285 SE2d 84) (1981). This is more easily understood when it is remembered that the parol evidence rule [OCGA § 24-6-1] is "a rule of substantive law." *Cooper v. Vaughan,* 81 Ga. App. 330, 337 (58 SE2d 453) (1950). See OCGA § 13-2-2 (1). See also *Lyon v. Patterson,* 138 Ga. App. 816 (227 SE2d 423) (1976), which provides a brief history of the rule in Georgia. Since the terms of the agreement here are plain and unambiguous, and no fraud has been shown, no genuine issues for jury resolution are presented.

As to the allegation of fraud, "[t]here is no evidence in this case that the appellee[s] made any knowingly false representations to the appellants concerning the [financial status of the business], or that [they] made any representation to them with the intent of deceiving them." *Cummins v. Hudson & Marshall, Inc.,* 202 Ga. App. 48, 49 (413 SE2d 240) (1991). " 'One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. (Cits.) Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar. [a defense] based on fraud. (Cits.)' [Cits.]" *Moran v. NAV Svcs.,* 189 Ga. App. 825, 826 (3) (377 SE2d

909) (1989).

2. The appellants' urging of a failure of consideration avails them nothing. The agreement for the sale of the stock was a contract under seal, or specialty contract as defined by OCGA § 13-1-4, which under OCGA § 13-3-40 (b) raises a presumption that there was a valid consideration. " '[O]r, to speak more accurately, it estops a covenantor from denying a consideration, except for fraud.' " *Weaver v. Cosby,* 109 Ga. 310, 313 (34 SE 680) (1899). The presumption is conclusive except where an equitable defense, such as fraud, is raised. *Lacey v. Hutchinson,* 5 Ga. App. 865 (64 SE 105) (1909). "[T]he absence of consideration is not a defense when a contract is under seal. *Deep South Services v. Wade,* 248 Ga. 80 (281 SE2d 561) (1981)." *Milde v. Harrison,* 162 Ga. App. 809, 810 (293 SE2d 56) (1982). There were mutual promises: the buyers agreed to indemnify, and the sellers agreed to transfer the stock when the debt was extinguished. In any event, the value of the stock and the condition of the appellees' business were not unknown to the appellants at the time they signed the agreement, and "any nominal consideration recited in sealed instruments is sufficient as a matter of law. [Cits.]" *Jolles v. Wittenberg,* 148 Ga. App. 805, 807 (2) (253 SE2d 203) (1979).

3. A fact question does not remain as to whether the appellees failed to fulfill a condition precedent by not delivering the shares of stock to the appellants. The agreement recites that the appellees "shall retain possession of the stock certificates until such time as said Note and Guaranty have been. cancelled." Having never made full payment on the note as they agreed to do, appellants cannot claim that their breach of the contract constituted the failure of a condition precedent on the part of the appellees.

The trial court correctly granted the motion for summary judgment to the plaintiffs.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 4, 1992 —
RECONSIDERATION DENIED JUNE 10, 1992 —

Karsman, Brooks & Callaway, Dana F. Braun, Timothy J. Haeussler, for appellants.

Kent & Rackett, A. Martin Kent, William O. Williamson III, for appellees.