A92A1988. GLOVER v. FIRST NATIONAL BANK OF
PAULDING COUNTY.
(427 SE2d 520)

POPE, Chief Judge.

On July 5, 1990, Robert G. Glover executed a note in the amount of $20,050 in favor of First National Bank of Paulding County (the "bank"). Glover later defaulted on the note and the bank filed an action seeking the sums owing pursuant to the note. Glover appeals the trial court's grant of summary judgment in favor of the bank.

In his answer to the bank's complaint, Glover raised the defense of fraud. In an affidavit filed in opposition to the bank's motion for summary judgment, Glover averred that at the time he executed the

note, he was employed by Kyle Watson Barrett. Barrett told Glover he had written a bad check on a loan that was then due at the bank. Barrett urged Glover to take out a loan at the bank in the amount of $20,000 to cover his bad check and pay off the loan that allegedly was due. Glover further averred that after he executed the note he learned that Barrett's loan was not due and that the real reason Glover was requested by Barrett to incur the loan was that the loan officer with whom Glover dealt had over-extended Barrett's credit limit and Glover's loan funds were needed to bring Barrett's credit line within the bank's limits. Glover contends he would not have borrowed any money from the bank if he had known the true reason Barrett needed the funds he borrowed.

1. Glover argues the trial court erred in granting summary judgment to the bank because Glover was defrauded by the bank's loan officer and Barrett to incur the loan. "[I]n the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar (a defense) based on fraud. *Moran v. NAV Svcs.,* 189 Ga. App. 825, 826-827 (3) (377 SE2d 909) (1989)." (Citations and punctuation omitted.) *Gardiner v. McDaniel,* 202 Ga. App. 663 (415 SE2d 303) (1992). The fraud alleged by Glover is that he was misled concerning why he should incur a loan for Barrett's benefit. Glover does not aver, and there is no evidence to show, that he attempted to verify whether Barrett's loan was due.

Contrary to Glover's contention otherwise, under the facts of this case no special relationship of trust or confidence existed between the parties to this case. The evidence shows no special circumstances that justify relieving Glover of his duty to exercise due diligence on his own behalf. Accordingly, the trial court properly granted the bank's motion for summary judgment.

2. In his second enumeration of error, Glover contends the trial court erred by not ruling on his request to allow a counterclaim against the bank. This court is a court for the correction of errors. Glover's motion to amend to assert a counterclaim is still pending before the trial court and until the trial court rules on the pending motion nothing exists for this court to review.

3. The bank's motion for damages for frivolous appeal is denied. *Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1993 —
RECONSIDERATION DENIED FEBRUARY 4, 1993 —

*Edwards, Friedewald & Grayson, James W. Friedewald*, for appellant.

*Glen E. Stinson,* for appellee.