A93A0737, A93A0738. MABRY et al. v. PELTON; and vice versa.
(432 SE2d 588)

JOHNSON, Judge.

Gary and Susan Mabry sued John D. Pelton, Sr., d/b/a Pinnacle Farms, claiming that he breached an oral partnership agreement to purchase property suitable for breeding cattle, that he fraudulently induced them to enter into a written contract for the purchase of a one-half embryo interest in an Angus donor cow, that he was unjustly enriched by that contract and that he has been stubbornly litigious. Pelton filed a motion for summary judgment as to all the claims. The trial court granted Pelton's motion as to the claims that he breached an oral partnership agreement and denied the motion as to the remaining claims. The Mabrys appeal from the court's partial grant of summary judgment to Pelton and he cross-appeals from the court's denial of summary judgment to him on the remaining claims.

*Case No. A93A0737*

1. The Mabrys contend that the trial court's grant of summary judgment to Pelton on their claims that he breached an oral partnership agreement is erroneous because the court incorrectly found that the parties had not formed a partnership. The Mabrys claim that they formed a partnership with Pelton and that the written contract by which they purchased the one-half embryo interest in the cow from Pelton was the first act of the partnership. The written contract, however, explicitly states, "Nothing herein shall be construed as constituting Seller [Pelton] and the Purchaser [the Mabrys] as a partnership, joint venture, unincorporated association or other legal entity." The Mabrys may not now vary the plain, unambiguous language of the written contract by their parol claims that it constitutes evidence of a partnership. *Paige v. Jurgensen*, 204 Ga. App. 524, 525 (1) (419 SE2d 722) (1992). The evidence in the record, construed most

strongly in favor of the Mabrys, shows that the parties discussed forming a partnership and purchasing property suitable for breeding cattle, but they never actually reached a final partnership agreement.

"A promise, to be enforceable, must be sufficiently definite as to both time and subject matter. [Cit.]" *Farmer v. Argenta*, 174 Ga. App. 682, 683 (331 SE2d 60) (1985). Here, the alleged oral partnership agreement to purchase property suitable for breeding cattle is incomplete; it is not sufficiently definite as to any of its terms. The Mabrys have not stated and the evidence does not show what property was to be bought, when it was to be bought, the size of the property to be bought, how the purchase was to be financed, the respective monetary or service contributions of the parties or the number of cattle to be bred on the property. The trial court did not err in granting summary judgment to Pelton as to the Mabrys' claims that he breached an oral partnership agreement to purchase property. See generally *Bagwell-Hughes, Inc. v. McConnell*, 224 Ga. 659 (164 SE2d 229) (1968); *Green v. Zaring*, 222 Ga. 195 (149 SE2d 115) (1966).

### Case No. A93A0738

2. Pelton asserts that the court erred in denying his motion for summary judgment as to the Mabrys' claims that he fraudulently induced them into purchasing the one-half embryo interest in the donor cow. We agree.

"One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud." (Citations and punctuation omitted.) *Moran v. NAV Svcs.*, 189 Ga. App. 825, 826-827 (3) (377 SE2d 909) (1989). The Mabrys claim that Pelton failed to disclose that the donor cow's show career was almost over and that its best breeding years were over. As discussed in Division 1 of this opinion, the parties did not have a partnership and there is no evidence of any relationship between them other than that of buyer and seller of property. "The vendor and vendee of property are not, by virtue of such fact, placed in a confidential relationship to each other, but on the contrary are presumed to be dealing at arm's length." (Citations and punctuation omitted.) *Gardiner v. McDaniel*, 202 Ga. App. 663, 664 (1) (415 SE2d 303) (1992). The cow's show career and breeding years were matters equally open to the observation of the parties. The Mabrys, if they were concerned about such matters, had an obligation to exercise ordinary diligence by investigating them prior to entering into the contract. The trial court erred in denying Pelton's motion for summary judgment as to these fraud claims.

The trial court also erred in denying Pelton's motion for summary judgment as to the Mabrys' claim that Pelton furnished incorrect projections as to calf and embryo production of the donor cow because "fraud cannot consist of mere broken promises, unfulfilled predictions or erroneous conjectures as to future events." (Citation and punctuation omitted.) *Demer v. Capital City Cable*, 190 Ga. App. 40, 44 (3) (378 SE2d 162) (1989).

The Mabrys further claim that Pelton committed fraud by misrepresenting that they had formed a partnership. Whether the parties formed a partnership is a question of law. "Misrepresentations as to a question of law cannot constitute remediable fraud, as such representations are ordinarily regarded as mere expressions of opinion. This is especially true where there is no confidential relationship between the parties." (Citations and punctuation omitted.) *Stephens v. C & S Nat. Bank*, 170 Ga. App. 793, 794 (2) (318 SE2d 216) (1984). Pelton is entitled to summary judgment as to this claim of fraud.

Finally, the Mabrys claim that Pelton defrauded them by failing to disclose his reason for originally purchasing the donor cow. "Suppression of a *material* fact which a party is under an obligation to communicate constitutes fraud." (Emphasis supplied.) OCGA § 23-2-53. Pelton's reason for purchasing the cow, before he ever sold an embryo interest in it to the Mabrys, is not a material fact. It has no bearing on the terms of their contract. The trial court erred in denying Pelton's motion for summary judgment as to all of the Mabrys' fraud claims.

3. Pelton correctly asserts that the trial court erred in denying his motion for summary judgment as to the Mabrys' unjust enrichment claim. The Mabrys claim that Pelton was unjustly enriched by the money they paid him pursuant to their written contract to purchase a one-half embryo interest in the donor cow. "The theory of unjust enrichment applies when as a matter of fact *there is no legal contract*, but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for." (Citations and punctuation omitted; emphasis supplied.) *Ga. Tile Distrib. v. Zumpano Enterprises*, 205 Ga. App. 487, 488 (1) (422 SE2d 906) (1992). In the instant case, the theory of unjust enrichment does not apply because there is a legal written contract between the parties. The court therefore erred in denying Pelton's motion for summary judgment as to the unjust enrichment claim.

4. Because of our holdings in Divisions 1, 2, and 3 of this opinion, Pelton is entitled to summary judgment as to the Mabrys' claim that he has been stubbornly litigious. See generally *Ginsberg v. Termotto*, 175 Ga. App. 265, 267 (3) (333 SE2d 120) (1985).

*Judgment affirmed in Case No. A93A0737. Judgment reversed in*

*Case No. A93A0738. Blackburn and Smith, JJ., concur.*

DECIDED MAY 27, 1993 —
RECONSIDERATIONS DENIED JUNE 9, 1993.

*M. Windle Davis, Jr.*, for appellants.
*Zachary & Segraves, William E. Zachary, Jr.*, for appellee.