A03A0992. BOGARD v. INTER-STATE ASSURANCE COMPANY.
(589 SE2d 317)

RUFFIN, Presiding Judge.

Bogard brought a class action against Inter-State Assurance Company (Inter-State) for breach of contract, unjust enrichment, and violation of the Georgia Uniform Deceptive Trade Practices Act (DTPA).[1] Bogard also brought a claim for declaratory relief. The trial court granted Inter-State's motion for judgment on the pleadings, and Bogard appeals. For reasons that follow, we affirm.

On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings,[2] and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his favor.[3] Viewed in this manner, the record shows that on March 13, 2000, Bogard completed an application for life insurance with Inter-State. The policy set forth several provisions with respect to when the premiums were due and when the policy would be "effective":

(a) The cover page states, "[t]his policy is issued as of its Policy Date." The cover page also sets forth the insured's right to cancel within 20 days.

(b) Page 2 is set forth entirely in capital letters and is called the "POLICY SCHEDULE." This page states in part, "A PREMIUM IS PAYABLE ON APRIL 27, 2000 AND EVERY 12 MONTHS THERE-AFTER TO RENEW THIS POLICY." The bottom of this page states, "POLICY DATE: APRIL 27, 2000."

(c) Page 3 lists the schedule of premium payments. The identical amount, $4,740, is listed for years one through twenty.

(d) Page 5, under the section titled "PREMIUM," states:

The premiums as of the Policy Date are shown on the Policy Schedule. The first premium is due on the Policy Date. The policy will not take effect until it has been delivered and the

---

[1] See OCGA § 10-1-370 et seq.

[2] See Moore v. BellSouth Mobility, 243 Ga. App. 674, 675 (534 SE2d 133) (2000).

[3] See Snooty Fox, Inc. v. First American Investment Corp., 144 Ga. App. 264, 265 (241 SE2d 47) (1977).

first premium has been paid prior to death or any change in health as shown on the application.

On June 20, 2000, Bogard paid his first premium under the policy. Thus, Bogard paid for a year's worth of insurance coverage beginning on the policy date, April 27, 2000, even though he was not insured until he paid the premium 54 days later — June 20, 2000. During this 54-day period, Inter-State did not assume any risk. In other words, Bogard paid a year's worth of premiums for little more than ten months coverage.

Bogard's complaint alleges that "an insurance applicant who has applied for a life insurance policy, and accepts Inter-State's offer to pay for his policy on delivery, is actually not insured, and will therefore not receive any benefits, until he or she pays a full, first premium." The complaint also alleges that "Inter-State is fully aware that those policyholders who accept Inter-State's offer to pay for their life insurance policy on delivery will incur premium charges attributable to a period of time in which no coverage existed." Based on these allegations, Bogard sued Inter-State for deceptive trade practices, breach of contract, unjust enrichment, and declaratory relief.

Inter-State moved for judgment on the pleadings, arguing that the policy explicitly states that premiums are payable from the date that the policy is issued, that coverage under the policy does not begin until delivery of the policy and payment of the first premium, and that Bogard accepted and is bound by the terms of the policy. Bogard responded, asserting that the policy is ambiguous because it does not disclose that premiums will be charged for a period in which no insurance coverage is provided.

The trial court found, as a matter of law, that there was no ambiguity in the contract. Accordingly, it granted Inter-State's motion with respect to claims for breach of contract, violation of the DTPA, and declaratory relief. The trial court also found that the written contract between the parties precluded Bogard's unjust enrichment claim.

Bogard appeals, asserting that the trial court erred in granting Inter-State's motion because there is no clear statement in the policy that premiums will be charged and retained for a period of time in which no coverage is provided, and, without such a statement, the reasonable policyholder would presume that he would get a full year's coverage for the payment of an annual premium. We disagree.

When the terms of a contract are plain and unambiguous, the contract must be enforced as written, so long as it is within the

bounds of the law.[4] Under Georgia law, an insurance contract is considered ambiguous only if its terms are susceptible to two or more reasonable interpretations.[5] In determining whether a policy is susceptible to two or more constructions, a court must examine the policy in its entirety.[6] Policyholders have a duty to read the insurance contract, and they are charged with knowledge of its contents.[7]

In the present case, Bogard does not point to a provision in the contract that is susceptible to different constructions. Instead, he argues that the contract does not fully and adequately disclose Inter-State's practice of charging and collecting premiums for periods where it provides no coverage and assumes no risk. The absence of language stating that the policyholder may pay for a period during which he has no coverage, however, does not make the contract susceptible to different constructions.[8] Here, the policy clearly states that the first premium is due on the policy date of April 27, 2000, and that the policy is not effective until payment of the premium. When he received the policy 54 days after it was issued, Bogard was free to reject the contract. Instead, he paid the premium on June 20, 2000, and the contract became effective as of that date.[9] As the First Circuit recognized,

> It is elementary that timely payment of premiums is the foundation of a life insurance contract. A situation which would leave the date not only of the first premium, but the due date of every subsequent premium through the life of the policy, not [as] a matter of record but ascertainable only with reference to some external event that might, at best, be open to dispute, would lead to serious difficulties. It is at least appropriate from the standpoint of both parties to provide in the policy itself a fixed, certain date for premium payments. *If, as a result of delay in the delivery, [the] insured finds himself offered a less advantageous contract than he expected, he is free to refuse it.*[10]

---

[4] See *AXA Global Risks v. Empire Fire &c. Ins. Co.*, 251 Ga. App. 543, 546 (554 SE2d 755) (2001).

[5] See id.

[6] See *Boardman Petroleum v. Federated Mut. Ins. Co.*, 269 Ga. 326, 328 (498 SE2d 492) (1998).

[7] See *Cox v. Southern Guaranty Ins. Co.*, 254 Ga. App. 776, 777 (563 SE2d 882) (2002).

[8] See *AXA Global Risks*, supra.

[9] We recognize that under Georgia law, any unearned premium which has been paid by the insured must be refunded when a policy is cancelled. See OCGA § 33-24-44 (c) (1). However, the legislature has not provided such relief where premiums are "unearned" in the sense that a policyholder has accepted the terms of a policy under which he may be paying a premium for a period when he is not insured.

[10] (Emphasis supplied.) *Travelers Ins. Co. v. Castro*, 341 F2d 882, 884 (1st Cir. 1965).

We find that the policy terms are unambiguous and Bogard agreed to be bound by them. Accordingly, the trial court did not err in granting Inter-State's motion as to Bogard's claims for breach of contract, violation of the DTPA,[11] and declaratory relief. Also, the existence of the contract between the parties precludes Bogard's unjust enrichment claim.[12] Thus, we affirm the trial court's granting of Inter-State's motion for judgment on the pleadings.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED OCTOBER 24, 2003.

*Chitwood & Harley, Craig G. Harley, William Lacy, Jr.,* for appellant.

*Sutherland, Asbill & Brennan, Thomas M. Byrne, Joseph A. White,* for appellee.

---

[11] We agree with the trial court's implicit finding that if the contract is not ambiguous, there is no deception that could support a claim under the DTPA.

[12] See *Mabry v. Pelton*, 208 Ga. App. 891, 893 (432 SE2d 588) (1993).