### 23469. GREEN v. ZARING.

ARGUED MAY 11, 1966—DECIDED MAY 26, 1966.

*Johnson & Hayes, Herbert Johnson, Randolph Hayes,* for appellant.

*Hoke Smith, Smith, Ringel, Martin & Lowe,* for appellee.

GRICE, Justice. The sustaining of general demurrers to a petition seeking specific performance of an alleged contract, or in the alternative, damages for its breach, is for review. The petition, in two counts, was filed by Golden Green against John H. Zaring, Jr., in the Superior Court of Fulton County. The provisions of the agreement entered into by Green, Zaring, and a third party referred to herein as "Brown," insofar as material here, are those which follow.

Zaring is the owner of a described 43.3 acre tract of land, and Green is a general contractor engaged in the business of develop-

ing and improving real estate. They and Brown, who was instrumental in getting them together in this undertaking, desire to form a corporation through which this land will be developed and improved "with apartment buildings and related structures in accordance with the covenants and agreements" hereinafter set forth.

In consideration of the mutual covenants of the parties, they agree as follows.

A corporation shall be formed with specific powers to deal generally in all types of property, to acquire, develop, improve, mortgage, pledge, encumber and sell the same.

Green agrees to pay personally the legal expense involved in forming the corporation, and to advance for the corporation all moneys required for architectural and engineering expense necessary to obtain building permits. He shall be repaid by the corporation from "loans obtained to develop and improve" the land. Green also agrees to pay personally "all costs of construction in excess of the construction loan or loans."

Zaring, upon the formation and authorization of the corporation to do business, agrees to convey fee simple title to the above mentioned land to the corporation, which shall hold title for the purposes set forth in this agreement.

Green further agrees to serve as "general contractor in the developing and improving of said land with apartment buildings and related structures without salary from the corporation," and also "to use his ability to obtain the necessary loans" for the corporation "at the best obtainable rates in order for the corporation to develop and improve said land."

The corporation shall assume obligation for all costs and expenses required in developing and improving the land "with apartment buildings and related structures." Where required by any lender of moneys to the corporation, Green and Zaring agree to personally endorse "any note evidencing any such loan."

The corporation shall develop and improve the land in three stages, as suggested by the architect to be employed to prepare the plans and specifications, with only the title to each divided tract to be pledged as security for "a loan or loans" for development and improvement of that particular tract.

The agreement also contained various other provisions relating to such matters as continuance of an easement over a part of the property and issuance of corporate stock. None of these warrant further reference here.

Count 1 of the petition alleged that Zaring is capable of complying with the terms of this agreement but has failed and refused to convey the property in accordance therewith and has repudiated the agreement in its entirety.

It also alleged that Green, in compliance with the agreement, has performed as fully as possible its conditions by (a) securing the services of an attorney to organize the corporation, which was in fact organized; (b) incurring liability for services of the attorney in organizing the corporation, which is capable of taking title to the property of Zaring pursuant to the agreement; (c) arranging for the required financing of the units proposed to be constructed upon Zaring's property; and (d) expending his time and effort in his professional capacity as general contractor without compensation.

It further alleged that the agreement is clear and unambiguous, was entered into for adequate consideration, and is subject to specific performance; that without specific performance Green will be irreparably damaged; and that he does not have an adequate remedy at law. This count prayed that Zaring be directed to specifically perform the contract.

Count 2 alleged that Green has complied with all the provisions of the contract as they pertain to him, to the extent he could comply with Zaring in default; that Zaring has failed and refused to convey the property to the corporation as required by the contract and has repudiated the contract; that except for Zaring's breach, "the corporation would have realized a total net profit on the 440 units . . . of $528,000"; and that Green, by virtue of his ownership of 49% of the stock, "would have realized a profit of $258,720," which he claims as his damages attributable to the breach of contract by Zaring. This count prayed for judgment against Zaring in the sum of $258,720.

■ We assess first the allegations of count 1.

It is axiomatic that the terms of a contract must be reasonably certain.

This requirement is especially applicable to agreements which are sought to be specifically performed. This court has held: "A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." *Williams v. Manchester Building Supply Co.*, 213 Ga. 99, 101 (97 SE2d 129). See also, *Dowling v. Doyle*, 149 Ga. 727 (102 SE 27).

Measuring the agreement now before us by the rule just recited, we find it lacking in certainty.

It appears that the parties envisioned that they would develop and improve designated real estate, through a corporation, by Green performing services, Zaring providing the land, and both obligating themselves along with the corporation on loans of money.

But nowhere in the document is there any statement with reasonable certainty as to what the parties were obligating themselves to do to effect what they envisioned, or as to what they envisioned. We refer to some of the deficiencies.

As to the improvements to be made, all that appears is "apartment buildings and related structures" and a reference to three stages of development. The number, size, design, or material content of the apartment buildings and related structures is not stated. Nor is their anticipated cost mentioned. The "related structures" are not identified in any manner.

As to financing for the improvement, the agreement says only "necessary loans," "at the best obtainable rates," with Green and Zaring agreeing to personally endorse "any note evidencing any such loan." Were the loans to amount to $5,000 or $5,000,000?

The foregoing deficiencies as to certainty are not alleged to

have been cured by performance or conduct of the parties. Organization of the corporation by legal counsel procured by Green, to the apparent satisfaction of Zaring, is no remedy for those vital deficiencies.

Under these uncertain and indefinite provisions, the question arises as to what, then, Zaring would receive as consideration for conveying his land to the corporation? No accurate answer can be given.

With this uncertainty existing, equity will not grant specific performance.

Such uncertainty being controlling, we need not enter into discussion of other principles which may be applicable.

■ The lack of certainty, as ruled in Division 1, applies also to count 2, which seeks damages for breach of this alleged agreement. See *Prior v. Hilton & Dodge Lumber Co.*, 141 Ga. 117 (2) (80 SE 559).

As to this count, also, it is not necessary to deal with other principles which may be applicable.

Accordingly, neither count 1 nor count 2, as we weigh them, was sufficient to withstand the general demurrers lodged against it. The judgment sustaining such demurrers is therefore

*Affirmed. All the Justices concur.*