24772.    BAGWELL-HUGHES, INC. v. McCONNELL.

ARGUED SEPTEMBER 13, 1968—DECIDED OCTOBER 10, 1968.

*Walter W. Calhoun, Sid M. Kresses,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., Howard Boyce Connell, Jr.,* for appellee.

GRICE, Justice. The grant of summary judgment terminating an action seeking to establish and enforce a contract for development and enhancement of real property is the subject matter of this appeal.

Bagwell-Hughes, Inc., filed the complaint against Barry M. McConnell in the Superior Court of DeKalb County, alleging an oral agreement, its performance insofar as possible by the plaintiff, and breach thereof by the defendant.

The complaint alleged in substance that in May 1967 the plaintiff and the defendant entered into an agreement for the development of described 84.1 acres of land, and the planning, promoting, and carrying out of the development for commercial and multi-family uses; that plaintiff was to plan a use for the property which would substantially increase its market value over the price paid by defendant; that upon the consummation of such planning and the rezoning of the property the parties were to share equally in the enhanced market value of the property after crediting the defendant with his purchase price and all costs incurred by him; that the effect of this agreement was to pay the defendant one-half of the profit, or anticipated profit, over cost of the property to him as a result of the agree-

ment and services rendered by the plaintiff and the costs incurred by it.

The complaint further alleged that the plaintiff at its own expense employed a land surveyor and land planner to lay out a proposed use of the property for commercial and multi-family purposes and to prepare a zoning plat and a plan for a shopping center and apartments on the property, and paid such land surveyors $60 for these services. Also, plaintiff caused the filing of a successful rezoning petition and paid the $80 cost of this. Plaintiff spent a great amount of time and effort in the preparation of the zoning plat and plan and the rezoning of the property, and has in all respects performed its duties, obligations and undertakings under the agreement. The defendant had full knowledge of such performance and accepted it in accordance with the agreement between them.

The plaintiff also alleged that upon its request of some evidence of its interest in the property resulting from the agreement and its performance thereunder, the defendant has failed and refused to provide such evidence, and has entered a contract with another person for the sale of the property at a stated price. Plaintiff asserts that the court should declare its interest in the property as being a one-half undivided interest, after repayment to the defendant of his original investment, or, in the alternative, it should be awarded $81,015.

The prayers of the complaint were that the defendant be temporarily enjoined from consummating a sale of the property, that the plaintiff's undivided interest of ownership in the property be declared, and that the plaintiff recover $81,015 and costs of court.

In his answer the defendant denied the agreement alleged and asserted that the plaintiff's complaint was barred by the Statute of Frauds. Subsequently he moved for summary judgment.

Consideration of the defendant's motion for summary judgment involved the plaintiff's response thereto, the pleadings, affidavits and depositions.

It is our view that regardless of any application of the Statute of Frauds, grant of the defendant's motion for summary judgment was proper because the agreement relied upon was too vague,

indefinite and uncertain for enforcement and that such defect was not cured by performance.

The most that the plaintiff shows is that it joined the defendant in attempting to devise some plan or use to enhance the value of the defendant's property. Versions differ as to what the agreement contemplated that the plaintiff was to do. In the complaint it is alleged that the plaintiff was to develop and rezone the property, planning, promoting and carrying it out for commercial and multi-family uses. The depositions and affidavits are conflicting as to the agreement. At one place in them it is said that the agreement provides for the plaintiff to merely procure the rezoning of the property. At another it is recited that the agreement contemplates rezoning and then selling the property. And at still another the agreement is said to be for the rezoning and developing of the property and selling a "package" deal with financing.

This situation is much like that in *Green v. Zaring*, 222 Ga. 195, 198 (149 SE2d 115).

There this court said: "It appears that the parties envisioned that they would develop and improve designated real estate, through a corporation, by Green performing services, Zaring providing the land, and both obligating themselves along with the corporation on loans of money.

"But nowhere in the document is there any statement with reasonable certainty as to what the parties were obligating themselves to do to effect what they envisioned, or as to what they envisioned. We refer to some of the deficiencies.

"As to the improvements to be made, all that appears is 'apartment buildings and related structures' and a reference to three stages of development. The number, size, design or material content of the apartment buildings and related structures is not stated. Nor is their anticipated cost mentioned. The 'related structures' are not identified in any manner." P. 198.

What was said in the *Green* case, 222 Ga. 195, supra, was the application of the well known principle: "The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality [citations], and in order for the contract to be valid the agreement must ordinarily

be expressed plainly and explicitly enough to show what the parties agreed upon. [Citations.] A contract cannot be enforced in any form of action if its terms are incompete or incomprehensible. . ." *West v. Downer,* 218 Ga. 235, 241 (127 SE2d 359).

In the case at bar the facts as to vagueness, indefiniteness and uncertainty are even more glaring than in the *Green* case, 222 Ga. 195, supra. These deficiencies were not cured by performance of the plaintiff, because the agreement relied upon was so vague, indefinite and uncertain "as to make it impossible for courts to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there had been performance." See *Weill v. Brown,* 197 Ga. 328, 333-334 (29 SE2d 54) (one Justice absent).

Accordingly, the grant of summary judgment in favor of the defendant was correct.

*Judgment affirmed. All the Justices concur.*