## 47434.   MALONE CONSTRUCTION COMPANY, INC. v. WESTBROOK et al.

BELL, Chief Judge. Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. *Wells v. H. W. Lay & Co.,* 78 Ga. App. 364 (50 SE2d 755); *Russell v. City of Atlanta,* 103 Ga. App. 365 (119 SE2d 143). To have a valid contract, there must be a meeting of minds and mutuality, and agreement must ordinarily be expressed plainly and sim-

ply enough to show what the parties agreed upon. *West v. Downer,* 218 Ga. 235 (127 SE2d 359). These rules control this case in which the trial court granted summary judgment to defendants in a suit for the alleged breach of contract to construct a shopping center. The alleged contract which was attached to the complaint consisted of a letter dated March 23, 1971, from plaintiff to defendants, and to which defendants affixed their signatures signifying their assent. It stated in part: ". . . after plans are substantially completed, we will furnish you an estimate of cost which will be the maximum cost that you will be obligated to pay. This cost figure will include 8% overhead and profit to us. If a lease can be consummated at this above referenced price, then we will enter into a contract with the above referenced price as the guaranteed maximum . . ." On May 31, 1971, another letter from plaintiff to one of the defendants advised that plaintiff's estimated costs for one of the stores to be located in the shopping center had increased by nearly $100,000. In July, 1971, plaintiff wrote an additional letter stating that "we revised our proposal to you from the cost-plus proposal to a firm proposal of $414,247." These letters all show nothing more than a continuing negotiation process with at most an agreement to contract in the future when and if all terms and conditions have been assented to by the parties. The alleged contract among other things shows that there was no agreement as to the cost. The last letter clearly evidences that plaintiff was in the process of making "proposals" which never ripened into a binding contract. The undisputed facts show that defendants were entitled to judgment as a matter of law.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1972—DECIDED DECEMBER 5, 1972.

*Thomas Wm. Malone, Leonard H. Gilberg,* for appellant.

*Langstaff, Campbell & Plowden, Robert B. Langstaff,* for appellees.