## 64339. HUGHES v. McMICHEN et al.

SOGNIER, Judge.

Paulding County filed a complaint against McMichen and others, the heirs of Eunice McMichen Wheeler (hereinafter referred to as heirs), and Mildred Hughes, executrix of the estate of Pearl Johnston, seeking to condemn certain property in Paulding County. A Special Master was appointed and entered an award including all parties named as condemnees in the proceeding. The condemnees requested a jury trial on the issue of compensation but later moved for disbursement of the funds. The heirs further objected to the inclusion of Hughes as a condemnee on the ground that Pearl Johnston owned no interest in the property and her estate had no valid claim to compensation for the property. The trial court granted summary judgment in favor of the heirs and ordered the entire amount of the compensation award paid to the heirs of Eunice McMichen Wheeler. Hughes appeals.

Appellant contends that the trial court erred in granting summary judgment in favor of the heirs because Eunice McMichen Wheeler had conveyed a valid interest in the property to Pearl Johnston by contract. The document allegedly conveying the interest to Johnston provides:

"For and in consideration of the sum of $100 cash in hand paid, receipt and sufficiency thereof is hereby acknowledged, I do hereby give and grant unto Pearl Johnston, her heirs and assigns, exclusive option to prospect on my property hereinafter described for any and all kinds of minerals, stones and rocks on, in or under said property for a period of 30 years.

"It is further agreed that I will at any time during the term of this option execute to her ar (sic) her assigns such lease as she may desire for quarrying, mining, drilling or other means of processing such minerals, stones or rocks as may be found on said land. In the event of sale of land and/or mineral interest by owner Pearl Johnston claims her per cent of the mineral sale value as indicated by the lease. The remuneration to me shall be as follows: to-wit:

"All profits gained from mining & processing minerals, stones, granite and gases shall be divided with said party of the first part equalty (sic), share and share alike.

"Said lands being generally described as 40 acres, more or less,

located in land lot Number 368 in the 21 district and 3 Section of Paulding County, Georgia, and being known as the Eunice Mc-Michen Place." Appellant contends that the above instrument conveys one-half of the mineral rights in the described property.

In its order the trial court found the instrument so vague and ambiguous as to be unenforceable and a nullity. We agree. It is not clear from the language used whether the parties entered into an option contract to lease the mineral rights or a lease contract to mine the minerals. " 'The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality [citations], and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. [Citations.] A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible . . .' [Cits.]" *Bagwell-Hughes, Inc. v. McConnell,* 224 Ga. 659, 661 (164 SE2d 229) (1968). A court will not carry a contract into effect where it is left to ascertain the intention of the parties by mere guess or conjecture. *Green v. Zaring,* 222 Ga. 195, 198 (149 SE2d 115) (1966). Hence, the trial court was correct in granting summary judgment in favor of McMichen's heirs.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 19, 1982 —
REHEARING DENIED NOVEMBER 5, 1982 —

*Roy E. Barnes, Thomas J. Casurella,* for appellant.
*James R. Gee,* for appellees.