68436. CASPER v. HARRISON HATCHERY, INC.
(321 SE2d 785)

SOGNIER, Judge.

Bobby Casper sued Harrison Hatchery, Inc. for breach of contract. At the close of Casper's evidence, the trial court granted Harrison Hatchery's motion for directed verdict on the ground that the evidence failed to show the existence of a contract between the parties. Casper appeals.

Appellant decided to build a chicken house on his property. As a requirement for obtaining financing from a local bank, he asked appellee and another chicken supplier to write letters to the bank. Both suppliers complied with appellant's request. The letter appellee wrote the bank stated in full: "We agree to contract broilers with [appellant], when he completes a house built and equipped to our specifications." Appellant built a chicken house but appellee refused to supply him with chickens, whereupon appellant brought this suit.

Appellant contends the trial court erred by granting appellee's motion for directed verdict. A directed verdict is proper where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a

particular verdict." OCGA § 9-11-50 (a); see *Holbrook v. Burrell*, 163 Ga. App. 529 (295 SE2d 201) (1982). The party asserting the existence of a contract has the burden of proving its existence and its terms. *Carter v. Kim*, 157 Ga. App. 418 (277 SE2d 776) (1981). " ' "The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality [citations], and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. [Citations.] A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible . . ." [Cits.]' *Bagwell-Hughes, Inc. v. McConnell*, 224 Ga. 659, 661 (164 SE2d 229) (1968)." *Hughes v. McMichen*, 164 Ga. App. 304, 305 (296 SE2d 233) (1982). We agree with the trial court that appellant's evidence failed to show the formal requisites of a contract between the parties. Clearly the requisites of an explicit contract, such as a meeting of the minds of the parties, mutuality, and the clear expressions of the terms of an agreement, are absent here. See *Hughes v. McMichen*, supra.

Appellant's argument that the letter constituted an agreement to reach an agreement does not require a finding of appellee's contractual liability to appellant since "[u]nless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. [Cits.]" *Malone Constr. Co. v. Westbrook*, 127 Ga. App. 709 (194 SE2d 619) (1972). See also *Hartrampf v. Citizens &c. Realty Investors*, 157 Ga. App. 879, 881 (1) (278 SE2d 750) (1981).

"In order for the direction of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support the contentions of the appellant. [Cit.]" *Whitco Produce v. Bonanza Intl.*, 154 Ga. App. 92, 94 (267 SE2d 627) (1980). Under the circumstances of this case, we have no hesitancy in concluding that no contested issues of fact remained for a jury's consideration. Therefore, the trial court correctly granted appellee's motion for directed verdict.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 6, 1984.

*B. Andrew Prince*, for appellant.
*Richard B. Russell III, John E. Stell, Jr.*, for appellee.