A92A0310. SHIPLEY v. TRAVELERS INSURANCE COMPANY et al.
(421 SE2d 108)

JOHNSON, Judge.

In October 1970, Susean Shipley suffered an on-the-job injury which left her permanently disabled. As a result of this injury, Shipley was awarded workers' compensation by the State of Hawaii. Her employer, the Ala Moana Hotel in Honolulu, Hawaii, had a policy of workers' compensation insurance issued by the appellee, Travelers Insurance Company. Travelers provided workers' compensation benefits to Shipley from the time of her injury until the maximum benefit period expired sometime in 1976, and continues to pay Shipley injury-related medical benefits as provided by the policy and Hawaiian law.

After Shipley's initial injury she continued to live in Hawaii for a time, then moved to California, and ultimately moved to Georgia. Her spinal injury was such that her condition continued to deteriorate. In 1982, twelve years after the initial injury, the deterioration had progressed to the point that she could no longer walk, and she was relegated permanently to a wheelchair.

Subsequent to her injury on the job, Shipley sustained further injuries which she contends resulted from her personal residence be-

ing unsuitable for and inaccessible to a person suffering disabilities such as hers. Consequently, Travelers paid for modifications to her apartment, widening doors and installing a ramp providing ingress and egress for a wheelchair. Despite these modifications designed to make her residence more accessible to her, Shipley contends that she continued to suffer injuries within her living quarters.

After she moved to Georgia, in an effort to prevent further incidental injuries resulting from living in a residence ill-equipped to meet her needs, Shipley discussed with appellee Anne Brunson, a claims adjuster for Travelers in Georgia, her desire to purchase a house which could then be structurally modified so as to be accessible and safe for her. Shipley contends that Travelers agreed, through Brunson, to be responsible for paying for the reasonable costs of any modifications to the house if she purchased one. Specifically, Shipley contends that Brunson told her that Travelers would need a doctor's prescription specifying the modifications deemed necessary, an evaluation of the specific house she had chosen to determine if it was suitable to be modified, and two estimates of the costs to construct the proposed modifications. Having located a house that she liked and believed could be modified at a reasonable cost, Shipley obtained the prescription and the estimates, and submitted them to Brunson. One of the estimates, in the amount of $21,197 is included in the record. Shipley contends that since Brunson previously told her that having the modifications paid for by Travelers would be "no problem," she purchased the house on May 25, 1990, relying upon Brunson's statement. When Shipley inquired as to the status of her claim after the closing on her house, Brunson told her that the estimates she had submitted were incomplete and that Travelers would require more information. Later, Brunson denied ever having committed Travelers to pay for the construction of the modifications. Travelers informed Shipley that it did not believe it was responsible for making the modifications, and declined to pay Shipley's claim for the costs.

Shipley then submitted a claim for the home modifications to the Director of Labor and Industrial Relations for the State of Hawaii, the officer responsible for assuring compliance with workers' compensation law in that state. The Director denied her request for the benefits. His letter of July 6, 1990, informing her of the decision expressed regrets, but explained "(a) review of your file indicates that Travelers was already found liable for renovations on a prior home. Therefore I am unable to comply with your request that Travelers be liable for your present modifications," because Hawaii workers' compensation law only provides for one structural modification of an injured employee's residence.

Shipley then filed suit in the State Court of DeKalb County alleging that Travelers and Brunson breached a separate contract,

outside of the scope of workers' compensation, in refusing to pay for structural alterations necessary to make her house accessible to a person with her significant physical disabilities. Shipley contends in this lawsuit that Brunson, individually and as the agent for Travelers, entered into an oral contract with her based upon Brunson's request that Shipley provide Travelers with a doctor's prescription, an evaluation of the house, and estimates of the cost of modifying a house, and by giving assurance that paying for the modifications would be "no problem."

Travelers and Brunson moved for summary judgment, which the trial court granted. Shipley appeals. We affirm.

1. Shipley claims that she and Travelers, through its agent Brunson, formed a separate contract for the modifications which is not controlled by workers' compensation law. This contention is without merit.

Hawaii workers' compensation law provides the exclusive remedy to an employee injured "by accident arising out of and in the course of employment." HRS § 386-3; see also *Kang v. Charles Pankow Assoc.*, 5 Haw. App. 1 (675 P2d 803, 810) (1984). As Shipley's need for modified living quarters arises from the injury she sustained in 1970, while on her job, her sole and exclusive remedy, as a matter of law, lies within the provisions of the workers' compensation law as the trial court held.

Where workers' compensation law is operative, an employee has no independent right of action against his employer. See Hawaii Revised Statutes (HRS) § 386-5; see also *Estate of John Coates IV v. Pacific Engineering*, 71 Haw. 358 (791 P2d 1257, 1259) (1990). The exclusiveness principle results in barring actions for covered injuries even though the plaintiff cast the action in the form of a breach of contract. See generally *Hanagami v. China Airlines, Ltd.*, 67 Haw. 357 (688 P2d 1139, 1143-1144) (1984). The law of Hawaii does not recognize an independent cause of action in workers' compensation cases apart from the remedies available under HRS § 386-21 et seq. and HRS § 386-31 et seq. See HRS § 386-5; see also *State Farm Mut. Auto, Ins. Co. v. Royston*, 72 Haw. 338 (817 P2d 118, 119) (1991).

The law of Georgia adheres to this same principle. See *Bright v. Nimmo*, 253 Ga. 378, 381 (320 SE2d 365) (1984).

We find that the Hawaii workers' compensation law is the only source of Shipley's remedy. Home modifications fall within the category of "medical expense claims" which are properly submitted to a workers' compensation carrier. Shipley submitted her claim to Hawaii's Director of Labor. He denied her claim, citing the medical benefits section of the applicable workers' compensation law which allows but one modification to the living quarters of an injured employee. He noted that Travelers had previously provided modifications to

Shipley's residence, and ruled that Travelers was not responsible for providing further modifications. The decision was apparently not appealed.

Shipley included letters in the record regarding the requested prescription and estimates which she claims evidence that an oral contract was formed between the parties. However, these letters indicate at most an agreement to contract in the future when and if all terms have been assented to by the parties. "Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. (Cits.) [Cits.]" (Citations and punctuation omitted.) *Casper v. Harrison Hatchery*, 172 Ga. App. 35, 36 (321 SE2d 785) (1984); see also *Malone Constr. Co. v. Westbrook*, 127 Ga. App. 709 (194 SE2d 619) (1972). The record indicates that the appellees did not at any time specifically agree to accept the terms and conditions set forth in the prescription and the estimates.

Likewise, Shipley did not reasonably rely on any conduct of the appellees which could create an implied contract. Although Shipley contends that Brunson assured her that there would be "no problem" in covering the cost of the home modification, a "no problem" assurance is insufficient for the creation of an implied contract. See *Fidelity & Deposit Co. of Maryland v. West Point Constr. Co.*, 178 Ga. App. 578, 581 (344 SE2d 268) (1986) (where a bonding company's assertion that there would be "no problem" bonding a subcontractor, if it were awarded the project, was found insufficient to create an implied surety contract). Even if it could be said that the facts here created an issue as to whether a contract was formed, such a contract would be to provide benefits within the parameters of the existing workers' compensation framework. Its breach, if any, would necessarily have to be addressed in the Hawaiian workers' compensation action, not as a separate action.

Therefore, because Shipley's remedy lies exclusively under Hawaii's workers' compensation law, she may not maintain it as an independent contract action in a Georgia court under principles of Georgia contract law. Accordingly, the judgment of the trial court shall not be disturbed.

2. As a result of this court's decision in Division 1, Shipley's remaining enumeration of error is moot.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED JULY 7, 1992.

*Carr & Kessler, Kathleen Kessler,* for appellant.
*Carter & Ansley, Thomas E. Magill, Elizabeth J. Bondurant,* for

·appellees.