A07A0164. HALDI v. PIEDMONT NEPHROLOGY ASSOCIATES, P.C. et al.
(641 SE2d 298)

BLACKBURN, Presiding Judge.

Glenville Haldi, pro se, appeals the dismissal of his case against Piedmont Nephrology Associates, P.C. ("Piedmont") and its president, Dr. Jerry D. Cooper, in which he sought to enjoin enforcement of an employment contract between Piedmont and Dr. Lara Watkins, Haldi's desired physician. As the trial court correctly concluded that Haldi lacked standing to challenge enforcement of the contract, we affirm.

We treat Piedmont's motion to dismiss as a motion for judgment on the pleadings, because Piedmont's motion was predicated on

Haldi's complaint and the contract incorporated therein.[1] "On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his favor." (Footnote omitted.) *Bogard v. Inter-State Assurance Co.*[2]

So viewed, in 2002 Haldi began receiving medical care from Dr. Watkins while she was employed by Piedmont. Haldi continued to receive care from Dr. Watkins until 2004, when Piedmont terminated its employment contract with Dr. Watkins after a financial dispute. Due to a noncompete provision in Dr. Watkins's employment contract, she was not, for a specified time, allowed to solicit Haldi as a patient or practice her medical specialties within a certain geographical area, including at Piedmont Hospital.[3]

After Dr. Watkins unsuccessfully challenged her employment contract in court, Haldi, seeking to have Dr. Watkins treat him at Piedmont, brought this action seeking damages, a judgment declaring that the employment contract was void as violative of public policy, and an injunction against enforcement of the contract. Piedmont moved to dismiss, which motion was granted on the grounds that Haldi lacked standing to challenge the contract, and Haldi now appeals the dismissal.

OCGA § 9-2-20 (a) provides that, "[a]s a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought *in the name of the party in whom the legal interest in the contract is vested,* and against the party who made it in person or by agent." (Emphasis supplied.) As it is undisputed that Haldi was not a party to the employment agreement between Piedmont and Dr. Watkins, he has no standing to challenge the contract as a party to the contract. See *Breus v. McGriff*[4] ("[a]ppellants are strangers to the assignment contract between appellee and [his privy] and thus have no standing to challenge its validity").

Nor does Haldi have standing as a third-party beneficiary of the contract. OCGA § 9-2-20 (b) provides that "[t]he beneficiary of a contract made between *other parties* for his benefit may maintain an action against the promisor on the contract." (Emphasis supplied.) However,

---

[1] See OCGA § 9-11-12 (c).

[2] *Bogard v. Inter-State Assurance Co.*, 263 Ga. App. 767 (589 SE2d 317) (2003).

[3] We note that Haldi apparently misconstrues the contract, because, contrary to assertions in his brief, the contract would not prohibit Dr. Watkins from seeing Haldi as a patient elsewhere.

[4] *Breus v. McGriff*, 202 Ga. App. 216 (1) (413 SE2d 538) (1991).

[i]n order for a third party to have standing to enforce a contract under [OCGA § 9-2-20] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient. It must appear that both parties to the contract intended that the third person should be the beneficiary.

(Citations and punctuation omitted.) *Donalson v. Coca-Cola Co.*[5] Here, the employment contract represents an arrangement of mutual benefits and responsibilities between Dr. Watkins and Piedmont, and while Haldi may have benefitted from Dr. Watkins's employment at Piedmont, nothing in the contract indicates that Haldi was a beneficiary of the contract itself. Thus, we hold that Haldi was not a third-party beneficiary of the employment contract. We accordingly affirm the trial court's ruling that Haldi lacked standing to challenge the enforcement of the noncompete provision in the contract. See *Morris v. Stillwell.*[6]

Haldi's remaining enumerations are moot.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JANUARY 26, 2007 — 

*Glenville Haldi*, pro se.

*Hall, Booth, Smith & Slover, Jonathan Marigliano, James E. Looper, Jr., Jason D. Hergenroether*, for appellees.

---

[5] *Donalson v. Coca-Cola Co.*, 164 Ga. App. 712, 713 (2) (298 SE2d 25) (1982).

[6] *Morris v. Stillwell*, 257 Ga. 3, 4 (354 SE2d 133) (1987).