[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14518
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-02992-CAP


HUBERT HOLLAND, JR.,
ANNIE GLORIA MORRIS,
LA MAR SMITH,
DEMETRIUS B. WILLIAMS,
ANTHONY NELSON,
RONNEL FINLEY,
TIFFANY HOLLIS,
on behalf of themselves and all others similarly situated,

                                        Plaintiffs - Appellants,

                    versus

LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP,
d.b.a. Atlanta Sports Catering,
COMPASS GROUP USA, INC.,

                                        Defendants - Appellees,


COMPASS GROUP NORTH AMERICA,
d.b.a. Levy Restaurants,

                                        Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 6, 2012)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Hubert Holland, Jr. and his class of plaintiffs appeal from a district court order dismissing their complaint for failure to state a claim and from a subsequent order denying their motion for reconsideration and request for leave to amend. We affirm both orders.

I.

Defendants Compass Group USA and its wholly owned subsidiary Levy Premium Foodservice (together, Levy) have an exclusive contract to provide concessions and food service in luxury suites at Philips Arena, the Georgia Dome, and Atlanta Motor Speedway. The plaintiffs are current and former Levy employees who worked as suite attendants, providing food services to patrons.

Levy imposed a 20% service charge on all food and beverages the suite patrons purchased. In its suite menus, Levy notified patrons that "a 20% service charge . . . will be added to all orders." Levy also disseminated to patrons a

document entitled "Service Charge/Tipping Policy," which read:

> As a convenience to our guests, we have included this policy to clarify any confusion regarding the service charge and tipping policy in The Suites at Philips Arena:[1]
>
> The service charge, which is on your bill, is shared in the form of higher wages for all Suite employees. It helps our company attract a high quality employee from the set up crew to the clean up crew and everyone in between. All these employees are critical to making your experience memorable.
>
> If you feel that you [sic] Suite Attendant has provided a service that is of the highest quality then please feel free to extend a personal gratuity.

**Tip solicitation is a violation of our policies.**

The plaintiffs were aware of this policy. According to the complaint, Levy retained the service charge and paid "none or virtually none" of it to the plaintiffs.

The plaintiffs sued Levy, alleging "wrongful failure to pay Plaintiffs . . . the 20% service charge." In an amended complaint, they alleged four causes of action: breach of unilateral contract, breach of contract as a third-party beneficiary, unjust enrichment/quantum meruit, and conversion. Levy moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), and the district court granted the motion. The plaintiffs filed a motion for reconsideration

---

[1] The complaint does not specifically allege that this policy was adapted to the other locations in which Levy operated, including the Georgia Dome and the Atlanta Motor Speedway.

on their third-party beneficiary breach-of-contract claim. In the motion, the plaintiffs requested leave to file a second amended complaint for breach of contract only, which they attached. The district court denied the motion for reconsideration and the request to amend, finding that amendment would prove futile.

The plaintiffs now appeal both of the district court's orders.

## II.

We review *de novo* a district court's dismissal under Rule 12(b)(6), applying the same standard as the district court. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "We therefore accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Id.* We review the denial of a motion for reconsideration for an abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007). And we review the district court's conclusion that leave to amend would be futile *de novo*. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## III.

A.    Breach of Unilateral Contract[2]

In their complaint, the plaintiffs alleged that they and Levy entered into a

---

[2] The parties agree that Geogia substantive law governs this case.

4

unilateral contract, the Service Charge/Tipping Policy, and that Levy breached this contract by retaining the service charge. The district court found that the Policy, to the extent it constituted an agreement, was between Levy and its patrons only.

We agree. The plaintiffs have not, and cannot, provide any factual allegations to support their assertion that the Policy, which was between Levy and its patrons, somehow became a contract between themselves and Levy. The Policy's plain language shows that it was directed towards Levy's patrons alone. *See Casper v. Harrison Hatchery, Inc.*, 321 S.E.2d 785, 786 (Ga. 1984) ("The first requirement of the law relative to contracts is that there must be a meeting of the minds of the parties, and mutuality . . . ."); *Myers v. Texaco Refining & Mktg., Inc.*, 422 S.E.2d 216, 219 (Ga. Ct. App. 1992) ("Georgia law does not permit us to ignore plain language in a contract . . . .").

The plaintiffs have no legal support for their proposition that their awareness of an agreement to which they are not parties allows recovery on any breach of that agreement. And the cases the plaintiffs cite in support of their argument all concern employees' awareness of an employer-employee contract or policy. Accordingly, the district court properly dismissed the breach-of-unilateral-contract claim.

B.     Breach of Contract as a Third-Party Beneficiary

The plaintiffs' third-party beneficiary contract claim also fails. The mere fact that a third party would benefit from performance of an agreement is insufficient to permit that party to enforce the agreement. *Haldi v. Piedmont Nephrology Assocs.*, 641 S.E.2d 298, 300 (Ga. Ct. App. 2007). A third party only has standing to maintain a breach-of-contract action if it "clearly appear[s] from the contract that it was intended for [the third party's] benefit." *Id.* (internal quotation marks omitted).

The Policy here, even assuming it is enforceable between Levy and its patrons, does not evidence Levy's and the patrons' intent to benefit the plaintiffs. Instead, the Policy's stated intent is to benefit patrons. The Policy permits Levy to "attract a high quality employee," which is "critical to making [the patrons'] experience memorable." The plaintiffs' focus on the Policy's statement that the service charge "is shared in the form of higher wages for all Suite employees" is unavailing: the express purpose of higher wages is ultimately to benefit patrons, not employees. Thus, the plaintiffs lack standing as third-party beneficiaries.

Because the plaintiffs lack standing, the district court properly dismissed the claim and denied the plaintiffs' subsequent motion for reconsideration. And the district court properly denied the plaintiffs' request for leave to amend their breach-of-contract claim because an amended complaint could not change the

6

Policy's clear intent to benefit patrons.

C.    Unjust Enrichment/Quantum Meruit

The plaintiffs' alternative argument that Levy was unjustly enriched also fails as a matter of law. Recovery under a theory of unjust enrichment or quantum meruit requires a showing that: (1) the plaintiffs performed valuable services for Levy; (2) Levy either requested or knowingly accepted the services; (3) Levy's receipt of the services without compensating the plaintiffs would be unjust; and (4) the plaintiffs expected compensation at the time they rendered the services. *Artac Corp. v. Austin Kelley Adver., Inc.*, 399 S.E.2d 529, 533-34 (Ga. Ct. App. 1990).

The plaintiffs' allegation that Levy's retention of the service charge is unjust—a legal conclusion, rather than an allegation of fact—is insufficient to defeat a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that a complaint that provides only "naked assertions devoid of further factual enhancement" is insufficient as a matter of law (internal quotation marks omitted). And the plaintiffs failed to set forth any facts showing that they were not justly compensated by the wages Levy supplied. *See id.* (requiring a plaintiff to plead facts that state a plausible claim for relief).

D.    Conversion

Because the plaintiffs have failed, for the reasons above, to allege sufficient facts to show they have a right to the service charge, they cannot state a claim for conversion. *See City of College Park v. Sheraton Savannah Corp.*, 509 S.E.2d 371, 374 (Ga. Ct. App. 1998) ("In an action for conversion, proof of title to the property in the plaintiff, right of possession in the plaintiff, possession in the defendant, demand for possession, refusal to surrender, and value of the property, make a prima facie case." (internal quotation marks omitted)).

## IV.

For the reasons set forth above, the orders of the district court dismissing the plaintiffs' complaint, denying their motion for reconsideration, and denying their request for leave to amend are

**AFFIRMED.**