49151. EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY et al. v. WRENN.

BELL, Chief Judge.

All parties agreed to the payment of workmen's compensation which was approved by the board on April 17, 1972. The injury was caused by the negligence of a third party. The workmen's compensation insurer, the appellant Employers, who was also the third-party tortfeasor's liability insurer, gave notice of claim of its subrogation rights under Code Ann. § 114-403 to all concerned. Claimant retained counsel who filed suit against the third party. At a hearing before a deputy director to determine a change of condition and credit for subrogation, a finding of fact was made that appellants had waived the right of subrogation and an award was made requiring the continued payment of compensation under the prior agreement. The deputy's findings and award were adopted by the board and affirmed by the superior court. The only issue is whether the finding of fact that the appellants had waived the right of subrogation was supported by admissible evidence. At the hearing appellants established that claimant settled his suit with the third party for $16,000 and executed a release on December 20, 1972. Appellant Employers was a party to this release. The release provided in part "No promise or agreement not herein expressed has been made." There were admitted in evidence over objection two letters, one dated December 15, 1972 from claimant's attorney addressed to appellant Employers' lawyer and the latter's reply dated December 19, 1972. *Held:*

1. One ground of objection to these is that the lack of a proper foundation was not made. A reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below. *Lankford v. Holton,* 187 Ga. 94 (8) (200 SE 243).

2. The other contention that the letters were inadmissible was that they would alter and materially change the terms of the release in violation of the parol evidence rule. We must disagree. The letter from claimant's attorney was an offer of settlement and the terms were outlined in detail. They were: Payment of $16,000 to claimant; payment over and above this amount of certain specified medical bills incurred by claimant; the waiver of all rights of subrogation by Employers with reference to the workmen's compensation benefits; and in return the claimant and his wife would execute a release. Claimant's counsel who authored this letter also advised that the claimant insisted that the arrangement be confirmed in writing and be noted on this letter as opponents' agreement. In the reply dated December 19, 1972, the appellant Employers' attorney agreed to all these terms; enclosed checks for the payment of the medical bills; a draft in the amount of $16,000; and a release was also enclosed for execution by the claimant and his wife. At the end of the letter the appellant's lawyer stated that he was also enclosing a copy of the letter of December 15th which had been signed by him on behalf of "Employers." The release upon which the appellant relies had no provision concerning the waiver of subrogation rights under the workmen's compensation benefits and provided, "No promise or agreement not herein expressed has been made." The written assent by appellant's lawyer to the proposal was a binding contract between the parties and the release was a part and parcel of the contract. In cases of contemporaneous agreements between the same parties with relation to the same subject matter, each writing may be used to ascertain the true intention of parties and may authorize a determination that when construed together they constitute as a whole but one contract. *Dyal v. Foy & Shemwell, Inc.,* 159 Ga. 848 (126 SE 783). Reading the letters and the release together it

clearly shows the true intention of the parties and they constitute but one contract. There was no error in admitting and considering the letters on the ground of the parol evidence rule.

3. There is no merit in the further contention that the testimony of the claimant through whom these letters were admitted was hearsay. Claimant was certainly competent to testify that the December 15th letter was given to him by his attorney, his agent, who could bind him. The letter under these circumstances was in effect his own letter. When a letter is received in response to a letter sent by the receiver it is presumed in the absence of any showing to the contrary to be the letter of the person whose name is signed to it. *Reagan v. Smith & Gordon,* 103 Ga. 556 (27 SE 759).

4. The contract shows the clear intention by the insurance company to waive the workmen's compensation subrogation rights. This waiver was made in the letter of December 19, 1972 and was made at the time of the payment of the settlement. Appellants are thus estopped from asserting their subrogation rights under Code Ann. § 114-403.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted March 4, 1974 — Decided June 19, 1974 — Rehearing denied July 5, 1974.

*Savell, Williams, Cox & Angel, John M. Williams, J. Caleb Clarke, III,* for appellants.
*Jay Carroll Cox,* for appellee.