## 63633. DAVIS v. DeKALB COUNTY HOSPITAL AUTHORITY et al.

BIRDSONG, Judge.

Summary Judgment. Wynelle Davis was injured in an automobile accident and suffered a broken hip. She was transferred to DeKalb General Hospital for remedial surgery. Ms. Davis was treated and a pin and plate was placed in the joint of her hip. X-rays taken after the operation indicated that the pin was properly placed and the surgical procedure gave every indication of being wholly successful. The treating surgeon testified by deposition that he anticipated an uneventful recovery and that the hip would heal followed by unrestricted use of the leg and hip. After several days of postoperative recovery, Ms. Davis was started on physical therapy. On about the tenth day following surgery, Ms. Davis was taken by a volunteer aide from her hospital bed to therapy. After the therapy treatment, Ms. Davis was returned to her room. During the transfer from a wheelchair to her bed, Ms. Davis, for one reason or another, did not receive the continuous support of the aide and fell either into or against her bed. As a result, the implanted pin apparently was agitated. Over the next few days, the pin migrated from its implanted position to a new, unstable angle and the pin punctured through the head of the femoral bone. The doctor testified that though it is possible for a pin to migrate in the absence of an external trauma, it was his opinion that the fall was what caused the pin to migrate. The doctor also testified that there was no new break because the hip had not had sufficient time to commence any significant healing before the fall. A second operation was necessitated. At this operation, the pin was reseated at a new angle and soft bone was transplanted to fill a gap caused by the repositioning of the pin. Primarily because the exposure of the hip bone to the trauma of the second operation (i.e., manipulation of the bone, new bleeding and external air), the fracture of the hip bone never properly healed, resulting in pain and loss of mobility and a greater degree of permanent disability.

Sometime after the second operation, the insurer of the owner of the car causing the auto accident (Cotton States Insurance Company) offered to settle their insured's liability for the full amount of the policy coverage. Upon the advice of the insurance adjuster for DeKalb General, Ms. Davis accepted the settlement from Cotton States in an amount of $25,000. The adjuster for DeKalb General assured Ms. Davis that her acceptance of a settlement from Cotton States would have no effect upon any claim that Ms. Davis might have against DeKalb General. DeKalb General paid all Ms. Davis' medical and doctor bills and made an offer to Ms. Davis to

settle its (DeKalb General's) liability for $35,000. However, Ms. Davis was not willing to accept the $35,000 offer and brought suit against DeKalb General.

When Ms. Davis settled with Cotton States, she signed a release that in pertinent part provided that Ms. Davis released the driver-owner of the other car (Cotton State's insured) ". . . and all other persons, firms and corporations, of any . . . and all claims . . . of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries . . . and the consequences thereof . . . to result, from the . . ." *original accident.* Based upon this very broad release, DeKalb General moved for summary judgment. The trial court granted summary judgment to DeKalb General. It was from this grant that Ms. Davis brings her appeal. *Held:*

A proper decision in this case hinges upon the answer to the question of what was the proximate cause of Ms. Davis' continued pain, loss of mobility and degree of permanent disability; more explicitly, whether it was the negligence of the original wrongdoer who caused the fracture of the hip in the first place or was it the intervening negligence (assuming such) of DeKalb General that caused the disabling injuries. Generally, in such a case the question of what was proximate cause of an injury is a question for a jury to determine from all the facts and circumstances of the case, upon proper instructions from the court. *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336); *Spires v. Goldberg,* 26 Ga. App. 530 (4) (106 SE 585); *Sparta Oil Mill v. Russell,* 6 Ga. App. 293 (4) (65 SE 37). A prior cause cannot be made the basis of an action because it furnished the condition and gave rise to the occasion by which the injury was made possible, where there intervened an unrelated and efficient cause of the injury, even though such injury would not have happened but for such prior condition. On the other hand, if the occurrence of the intervening cause might reasonably have been anticipated, it will not interrupt the connection between the original cause and the ultimate injury. *Mayor &c. of Unadilla v. Felder,* 145 Ga. 440, 444 (89 SE 423); *Ga. R. &c. Co. v. Konkle,* 36 Ga. App. 569 (137 SE 113). But where the intervening cause was of such a nature that it could not have been foreseen reasonably to be the result of the prior negligence, it becomes the proximate cause, even though the ultimate injury would not have occurred except for such original negligence. *Beckham v. Seaboard Air-Line R.,* 127 Ga. 550, 551 (56 SE 638); *Artope v. Central of Ga. R. Co.,* 38 Ga. App. 91 (143 SE 127).

Under the facts of this case, we conclude the evidence gives rise to two separate acts resulting in two separate injuries. The first and precipitating injury was the auto accident in which Ms. Davis

received a fractured hip. This fracture was treated and in the opinion of the doctor, the prognosis of the fracture with the support of a pin and plate implanted during the course of an uneventful operation was apparently excellent. The doctor opined that the hip would heal fully with no limitation of motion or residual pain. Thus for all practical purposes, the first injury was remedied. There then followed a second injury involving the traumatic agitation of the implanted pin allegedly occasioned by the alleged negligence of an employee or agent of DeKalb General. (We reject any notion that the alleged failure of a nurse's aide to render appropriate care resulting in a fall is a foreseeable incident arising out of an automobile accident and broken hip.) The fall apparently did not aggravate or further injure the break in the hip or cause a new break, i.e., did not aggravate the original injury. The new injury on the second occasion was a combination of a migrating pin and the necessitated second operation with an unnecessary exposure of the hip bone. It was this unnecessary second exposure which caused the initial break not to heal properly. The testimony of the doctor clearly raised the issue that the failure of the hip to heal was not the initial break but the second act of negligence, which caused the migration of the pin and the second operation, i.e., an independent intervening cause. We cannot say as a matter of law that the first accident causing the broken hip was the proximate cause of the failure of the hip to heal nor that the fall was a mere aggravation of the break where there is evidence of negligent support of the patient by an agent of the hospital resulting in a fall by the patient and the necessity of a second operation, replacement of a pin with the failure to heal directly attributed to the repeated exposure of the hip bone to fresh bleeding, manipulation and external air. This is true even though the ultimate injury was the broken hip caused by the first act of negligence. *Piedmont Hospital v. Truitt,* 48 Ga. App. 232, 234 (172 SE 237). "Where the negligence of the original wrong-doer injured the plaintiff, placing her in a position where the negligence of the defendant injured her in a manner not to be reasonably foreseen or anticipated as a result of the negligence of the original wrong-doer, and where the plaintiff settled her claim for damages with the original wrong-doer on account of the injuries inflicted upon her by him, such a release does not prevent the plaintiff from recovering of the defendant damages for the injuries inflicted upon her by him, the negligence of the defendant being the proximate cause of the injuries inflicted upon her by him, and not the negligence of the original wrong-doer."

The cardinal rule of the summary procedure is that a court can neither resolve the facts nor reconcile the issues, but only look to

ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736, 739 (123 SE2d 179). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. United States v. Diebold, 369 U. S. 654, 655 (82 SC 993, 8 LE2d 176); *Lewis v. Citizens &c. Nat. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765). We find such a litigable issue of fact in this case. Accordingly, it follows the trial court erred in granting summary judgment to DeKalb General Hospital.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 10, 1982—
REHEARING DENIED MAY 28, 1982— 

*Taylor W. Jones, C. Cyrus Malone,* for appellant.
*Hunter S. Allen, Jr.,* for appellees.