## 65251. GEORGIA HIGHWAY EXPRESS, INC. v. UNITED PARCEL SERVICE, INC.

DEEN, Presiding Judge.

Georgia Highway Express, Inc. ("GHE"), brings this appeal from the summary judgment granted to appellee, United Parcel Service, Inc. ("UPS"), by the Fulton Superior Court. At issue are GHE's claims of subrogation rights against UPS for $5,000 in workers' compensation and no-fault benefits paid by GHE, as self-insurer, to the widow of a GHE employee killed in a vehicular collision allegedly caused by an employee of UPS.

Appellee had successfully contended in its motion for summary judgment that pursuant to a general release signed by the widow in consideration of $300,000 paid by appellee's insurer, Liberty Mutual Insurance Company, there no longer existed any rights to which GHE could be subrogated. Appellee had further contended in his motion for summary judgment that the standard form release signed by GHE's authorized agents amounted to a general release of claims of all sorts arising or to arise out of the collision, and was not confined, as appellant had argued, to property damage claims only, and, moreover, that the $5,000 paid to the widow by GHE was a voluntary payment and therefore no basis for subrogation rights. Appellant assigns as error the trial court's granting of UPS' motion for summary judgment, contending that there exist genuine issues of material fact relative to each of appellant's claims. *Held:*

1. The trial court erred in granting the motion for summary judgment of appellee, defendant below, on the basis of the releases signed by GHE personnel. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." Ga. Code Ann. § 81A-156 (c). The movant has the burden of establishing the nonexistence of any genuine issue of fact, and all doubts are to be resolved against him. *Ham v. Ham,* 230 Ga. 43 (195 SE2d 429) (1973). When the movant is the defendant, he must affirmatively negate at least one essential element of the plaintiff's case, and if he does not do so, he is not entitled to summary judgment. *Griffin v. Wittfeld,* 143 Ga. App. 485 (238 SE2d 589) (1977).

In opposing a motion for summary judgment, the adverse party (here, appellant GHE) must set forth in his response "specific facts showing that there is a genuine issue for trial." Ga. Code Ann. § 81A-156 (e). In the instant case the appellant filed affidavits based on the personal knowledge of GHE employees who executed the releases

from GHE to appellee's insurer, Liberty Mutual. Attached to the affidavits were copies of the releases and of the handwritten memorandum signed by a Liberty Mutual official stating that the sums paid to GHE in consideration of the release represented settlement of GHE's claims for damage to property and cargo. The affidavits state affirmatively that the intention of the parties to the releases was to dispose of property and cargo damage claims, and not to release any other rights thereby. Appellee offered no counter-affidavits or other documents, other than the releases.

This court has held, and the Supreme Court has affirmed, that unless a release is couched in terms completely unambiguous as to its inclusiveness, a release from liability for property damage does not bar recovery for bodily injury. *Glover v. Sou. Bell Tel. &c. Co.,* 229 Ga. 874 (195 SE2d 11) (1972); *Robinson v. Baker,* 141 Ga. App. 43 (232 SE2d 386) (1977). It is a maxim of contract law that the instrument should be so construed as to give effect to the parties' intentions. When a standard form release is employed, it is essential that any accompanying properly authenticated contemporaneous documents be construed in pari materia with the form release, so that the intentions of the parties may be ascertained and allowed to control. See *Williams v. Physicians &c. Community Hosp.,* 249 Ga. 588 (292 SE2d 705) (1982). In *Robinson v. Baker,* supra, the check tendered to the appellant by the defendant's insurer bore the legend, " 'By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face hereof.' " A letter from the defendant's insurer to the appellant, however, referred to the face amount of the check as payment for "a property damage loss." The court held that the letter should be given weight as an indicium of the parties' intention, and that the determination of such intention was for the jury. See also *Langenback v. Mays,* 205 Ga. 706 (54 SE2d 401) (1949); *Employers Commercial Union Ins. Co. v. Wrenn,* 132 Ga. App. 287 (208 SE2d 124) (1974). "The cardinal rule of the summary procedure is that a court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue." *Davis v. DeKalb County Hosp. Auth.,* 162 Ga. App. 477, 479 (291 SE2d 131) (1982). It thus appears that summary judgment was inappropriate.

2. Appellant made the further showing that under the Georgia Motor Vehicle Accident Reparations Act, Ga. Laws 1974, pp. 113, 124 (Ga. Code Ann. Chapter 56-34B), an employer is required to pay both workers' compensation and no-fault benefits to an injured worker or his estate, up to the $5,000 limit set in § 56-3403b (a) (2), and that these benefits cannot be reduced or eliminated by the amount of any other benefits payable to the beneficiary. Ga. Code Ann. § 56-3409b

(b); *Brown v. Boston Old Colony Ins. Co.,* 247 Ga. 287 (275 SE2d 651) (1981). It therefore cannot be determined as a matter of law that GHE's $5,000 payment to its employee's widow was voluntary.

3. The court notes that appellee may be deemed to have had constructive knowledge of appellant's statutory subrogation rights by virtue of the fact that no-fault insurance coverage is mandatory in Georgia. "Those who use the roads in Georgia . . . are presumed to know the law which gives the injured party's insurance company a statutory right of subrogation . . ." *Poole Truck Line v. State Farm Mut. Auto. Ins. Co.,* 163 Ga. App. 755 (294 SE2d 570) (1982). See Ga. Code Ann. § 56-3405b. Appellee's contention that the cases relied upon by appellant turn upon the insurers' actual (as distinguished from constructive) knowledge of subrogation claims is unsupported by citation of any authority, and we find none to sustain this contention. Contrary to appellee's further allegation that *Brown v. Boston Old Colony,* supra, is not controlling because it was decided after the widow in the instant case had signed the release, we find that the rights and duties of the affected parties under Ga. Code Ann. § 56-3409b (b) would not be altered by the timing of the *Brown* decision. We further note that it is axiomatic, as a matter of equity, that the signing of a release by an insured, without the insurer's participation and assent, should not operate so as to destroy the latter's right of subrogation. *U. S. Fid. & Guar. Co. v. Ryder Truck Lines,* 160 Ga. App. 650 (288 SE2d 1) (1981).

For all the foregoing reasons we find that the trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 22, 1982 —
REHEARING DENIED DECEMBER 6, 1982 —

*Charles E. Walker,* for appellant.
*Harvey S. Gray,* for appellee.