Amojine Lander SINGLETARY, Plaintiff,

v.

### SOUTHEASTERN FREIGHT LINES, INC., and Liberty Mutual Insurance Company, Defendants.

No. 1:92–cv–1647–CAM.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 13, 1993.

Bradley Miles Hannan, Kitchens Wolfson Kitchens & Smith, Valdosta, GA, for plaintiff.

Lowell Steven Fine and Mark E. Bergeson, Alembik Fine & Callner, Atlanta, GA, for defendants.

## ORDER

MOYE, District Judge.

This case comes before the Court upon motion for summary judgment by defendants, Southeastern Freight Lines, Inc. (Southeastern) and Liberty Mutual Insurance Company (Liberty Mutual). The defendants argue that plaintiff's personal injury claim is barred by a general release appearing on the back of a check she received, endorsed and cashed. Plaintiff opposes the motion for summary judgment.

Also before the Court is plaintiff's motion for leave to amend the complaint, which defendants oppose.

## *MOTION FOR SUMMARY JUDGMENT*

### A. LEGAL STANDARDS FOR MOTIONS FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide that summary judgment "shall be rendered ... [when] there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] 'together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 159–60, 90 S.Ct. 1598,

1609–10, 26 L.Ed.2d 142 (1970). *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437–38 (11th Cir.1991). The movant's failure to meet this initial burden ends the inquiry and summary judgment should be denied. The non-moving party bears no burden at this juncture.

However, once the initial burden has been met the "burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th. Cir.1991). At this point, "the non-moving party [must] go beyond the pleadings and by affidavits ... or by the 'depositions[,] answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Russ v. International Paper Co.,* 943 F.2d 589, 592 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992), (quoting *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553). *Accord, Four Parcels of Real Property,* 941 F.2d at 1437–38.

In determining whether the moving party has met its burden, the Court views the evidence in the light most favorable to the party opposing the motion. *Adickes,* 398 U.S. at 158–59. Moreover, "all justifiable inferences are to be drawn in his favor." *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). Thus, in order to defeat a motion for summary judgment, the non-moving party need only present evidence "from which a jury might return a verdict in his favor." *Samples ex rel. Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). However, denials or allegations by the non-moving party in the form of legal conclusions which are unsupported by any specific facts have no probative value, and, thus, are insufficient to create issues of material fact that would preclude summary judgment. *Broadway v. City of Montgomery,* 530 F.2d 657, 660 (5th Cir. 1976).[1] Finally, whether facts are material is determined by the applicable substantive law. *Anderson v. Liberty Lobby, Inc.,* 477

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## B. FACTS

There is no dispute as to the operative facts. On June 6, 1990 plaintiff, Amojine Lander Singletary, was involved in a collision in Georgia between the automobile she was driving and a truck driven by an employee of defendant Southeastern. Southeastern sent plaintiff a check for the amount of $378.78. The covering letter stated: "[e]nclosed is our check for $378.78 to cover damages to your 1982 Ford Escort in the accident cited above. This amount should compensate any direct costs resulting from the collision." The letter does not refer at all to personal injuries. The back of the check contained the following rubber-stamped provisions:

> "this check is complete settlement of any and all claims of any nature against Southeastern Freight Lines and [plaintiff's name incorrectly written in] endorsement of payee constitutes acceptance in full of any and all claims."

The plaintiff endorsed the check and cashed it. On that same day, plaintiff paid to the automotive repair shop the precise amount of money she had received from Southeastern in full payment of the repairs to her vehicle.

Thereafter, on May 29, 1992 plaintiff filed a complaint in the Superior Court of Fulton County, Georgia against Southeastern seeking recovery for personal injuries occurring in the 1990 collision as well as against Southeastern's insurer, Liberty Mutual, under O.C.G.A. § 46–7–12. On July 2, 1992 defendants removed this case to federal court based on the diversity of citizenship of the parties.

## C. LEGAL DISCUSSION

■ A federal district court sitting in a diversity action is bound to apply the conflict of law rules of the forum state, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), here Georgia. The choice of law rule employed in Georgia in a contract case is *lex loci contractus*. That is, the place of the making of the contract controls the nature, construction, and interpretation of the contract. *Menendez v. Perishable Distributors, Inc.*, 763 F.2d 1374 (11th Cir.1985). *Menendez v. Perishable Distributors, Inc.*, 254 Ga. 300, 301, 329 S.E.2d 149 (1985), *overruled by Posey v. Medical Center–West, Inc.*, 257 Ga. 55, 354 S.E.2d 417 (1987) (on other grounds).[2]

■ Here, as in *Menendez*, it appears that Florida was the place of the making of the contract since the "last act essential to completion of the contract" occurred in Florida when plaintiff accepted the check from Southeastern. *Robinson v. Ravenel Co.*, 411 F.Supp. 294, 297 (N.D.Ga.1976); *Continental Casualty Co. v. Synalloy Corp.*, 667 F.Supp. 1523, 1534 (S.D.Ga.1983). *Cf. Peretzman v. Borochoff*, 58 Ga.App. 838, 842 (1938) ("[w]here a note was executed in one State but not completed until accepted in another State, it is made in that other State").

■ The defendants characterize the release as a general release of all claims and the Court agrees that that is its tenor. The issue before this Court is whether the plaintiff may be allowed to introduce evidence to show that what purports to be a general release of all claims, including a personal injury claim, in fact was intended by both parties to be, and in fact was, a release of her property damage claim only. The plaintiff has cited Florida law in support of her contention that extrinsic evidence should be admitted to show the true intention of the parties with respect to the execution of the release. The defendants rely upon, argue and cite Georgia cases to the effect that parol evidence will not be admitted to vary the terms of an unambiguous general release.

In *Menendez v. Perishable Distributors, Inc.*, 763 F.2d at 1374, the Court of Appeals for the Eleventh Circuit certified several questions to the Georgia Supreme Court. The second question posed by the Eleventh Circuit to the Georgia Supreme Court was:

---

**2.** Any intimations in *Wallace v. Harrison, 166 Ga.App. 461, 304 S.E.2d 487 (1983)* that a release "incident" to a tort action is governed by the *lex fori* of the tort action itself must yield to the subsequent unequivocal holding of the Georgia Supreme Court in *Menendez*.

"QUESTION TWO: Under the choice of law rules of the State of Georgia, what state's substantive law governs the admissibility of extrinsic evidence establishing the intent of the contracting parties who executed a release in the State of Florida that, by its terms, forever discharged 'all ... persons, firms or corporations ... from any and all claims, demands, actions, causes of actions or suits of any kind or nature whatsoever' arising from an injury-causing accident which occurred in Georgia?"

*Menendez,* 763 F.2d at 1380 app. (quoting *Menendez,* 254 Ga. 300, 329 S.E.2d 149 (1985)). The answer of the Georgia Supreme Court was that:

"The rule of *lex loci contractus* controls all substantive matters, such as 'the *nature, construction* and *interpretation* of contracts. [Cits.]' *Cox v. Adams,* 2 Ga. 158, 165 (1847). The rule of '*lex fori* controls all matters affecting only the remedy, such as rules of evidence, methods of shifting the burden of proof, and the presumptions arising from given states of fact. [Cit.]' *Hill v. Chattanooga Railway and Light Co.,* 21 Ga.App. 104, 93 S.E. 1027 (1917).

The parol evidence rule 'is not one merely of evidence, but is one of positive or substantive law founded upon the substantive rights of the parties.' [Cit.] *Albany Federal Savings & Loan Assn. v. Henderson et al.,* 198 Ga. 116, 143, 31 S.E.2d 20 (1944); see also *Dunn v. Welsh,* 62 Ga. 241, 244 (1879). Likewise, contemporaneous documents are to be considered 'in pari materia' with a form release 'so that the intention of the parties may be ascertained and allowed to control.' *Georgia Highway Express, Inc. v. United Parcel Service, Inc.,* 164 Ga.App. 674, 297 S.E.2d 497 (1982). Because this extrinsic evidence consisting of contemporaneous documents may be used to determine the intention of the parties, and thus their substantive rights, the law of Florida controls under the rule of lex loci contractus."

*Menendez,* 763 F.2d at 1381 app. (quoting *Menendez,* 254 Ga. 300, 329 S.E.2d 149 (1985)).

Upon receipt of the answers to its certified questions from the Supreme Court of Georgia, the Eleventh Circuit stated:

"The Georgia Court has rendered a definitive opinion, holding that both the effect of the release and the admissibility of extrinsic evidence must be determined under Florida law."

*Menendez,* 763 F.2d at 1378. The Court of Appeals also determined in that case:

"By statute, Florida's legislature has abrogated the common law rule as to the effect of a partial release given to one of several joint tortfeasors. Fla.Stat. § 768.041. The statute states that a release of one tortfeasor 'shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort....' "[3]

*Id.* at 1377.

The Eleventh Circuit was therefore able, on the basis of the answer of the Supreme Court of Georgia, to hold that the plaintiff had a right under Florida law to introduce extrinsic matters as evidence to show that the release in question, which purported to release "all other persons, firms or corporation ... from any and all claims, demands, action, causes of action or suits of any kind ..." arising as a result of the collision did not release the alleged joint tortfeasors.

This case, however, does not involve joint tortfeasors, but rather invokes the hoary rule concerning the "splitting" of causes of action exemplified by *Gregory v. Schnurstein,* 212 Ga. 497, 93 S.E.2d 680 (1956), *overruled by Glover v. Southern Bell Tel. & Tel. Co.,* 229 Ga. 874, 195 S.E.2d 11 (1972).

"A single wrongful or negligent act, which injures both one's person and his property, gives but a single cause of action, and a settlement of the property damages will, where pleaded, bar an action on account of injuries to the person, where both items of

**3.** In *Posey v. Medical Center–West, Inc.,* 257 Ga. 55, 354 S.E.2d 417 (1987), the Supreme Court of Georgia did the same.

damages are the result of a single wrongful or negligent act."

*Id.*[4]

Although the Court of Appeals in *Menendez* was able to refer specifically to Florida Statutes Annotated § 768.041 as authority for the proposition that Florida has abolished the rule that the release of one joint tortfeasor discharges all other joint tortfeasors, that statute does not cover the question involved here whether the release of a property claim also releases a personal injury claim arising from the same accident.

"[T]he application of another jurisdiction's laws is limited to statutes and decisions construing those statutes." *Frank Briscoe Co. v. Georgia Sprinkler Co.*, 713 F.2d 1500, 1503 (11th Cir.1983). When no statute is involved, as here, Georgia courts apply the common law as developed in Georgia rather than foreign case law. *Id.*[5]

■■■ Thus, the question before this Court is: under Georgia common law, may extrinsic or parol evidenced be introduced to show that a form general release of any and all claims, not in specific terms restricted to property damage only, in fact was intended to be only a release of property damage claims? This precise issue apparently has not been considered by the Georgia Supreme Court. Thus, the controlling Georgia authority is *Georgia Highway Express, Inc. v. United Parcel Service, Inc.*, 164 Ga.App. 674, 297 S.E.2d 497 (1982), which was cited with approval by the Georgia Supreme Court as persuasive precedent for its decision in *Menendez*.

In *Georgia Highway Express, supra*, the legal issue presented to the court was whether parol or extrinsic evidence could be adduced to show that a form general release of all claims covered only damage to property and cargo and not subrogation rights arising out of appellant's payment of workmen's compensation and no-fault benefits to the widow of appellant's driver.

The factual issue in *Georgia Highway Express*, thus was remarkably similar, if not identical, to that presented here. The court there noted:

"In the instant case the appellant filed affidavits based on the personal knowledge of GHE employees who executed the releases from GHE to appellee's insurer, Liberty Mutual. [In this case, Liberty Mutual is also Southeastern's insurer as well as a party in its own name]. Attached to the affidavits were copies of the releases and of the handwritten memorandum signed by a Liberty Mutual official stating that the sums paid to GHE in consideration of the release represented settlement of GHE's claims for damage to property and cargo. The affidavits state affirmatively that the intention of the parties to the releases was to dispose of property and cargo damage claims, and not to release any other rights thereby. Appellee offered no counter-affidavits or other documents, other than the releases."

*Id.* at 674–75, 297 S.E.2d 497. The Georgia Court of Appeals held:

"This court has held, and the Supreme Court has affirmed, that unless a release is couched in terms completely unambiguous as to its inclusiveness, a release from liability for property damage does not bar recovery for bodily injury. *Glover v. Sou. Bell Tel., etc., Co.*, 229 Ga. 874 (195 SE2d 11) (1972); *Robinson v. Baker*, 141 Ga. App. 43 (232 SE2d 386) (1977). It is a maxim of contract law that the instrument should be so construed as to give effect to the parties' intentions. *When a standard form release is employed, it is essential that any accompanying properly authenticated contemporaneous documents be con-*

---

4. The rule concerning "splitting" causes of action was modified by *Glover* to provide that a release that specifically, and in precise terms, relates solely to property damages will be enforced according to its terms.

5. *See also Leavell v. Bank of Commerce*, 169 Ga.App. 626, 314 S.E.2d 678 (1984) ("Appellants did not offer into evidence any Tennessee statute on this question [attorney fees], and appellee's expert witness testified that there was no Tennessee statute setting forth percentages to be deemed 'reasonable' attorney fees. Thus, the common law governs the case, and this being so, it must be the common law as interpreted by the Courts of Georgia and not of Tennessee.") (Citations omitted).

*strued in pari materia with the form release, so that the intentions of the parties may be ascertained and allowed to control.* See *Williams v. Physicians &c. Community Hosp.*, 249 Ga. 588 (292 SE2d .705) (1982). In *Robinson v. Baker*, supra, the check tendered to the appellant by the defendant's insurer bore the legend, " 'By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face hereof.' " A letter from the defendant's insurer to the appellant, however, referred to the face amount of the check as payment for 'a property damage loss.' The court held that the letter should be given weight as an indicium of the parties' intention, and that the determination of such intention was for the jury. See also *Langenback v. Mays*, 205 Ga. 706 (54 SE2d 401) (1949); *Employers Commercial Union Ins. Co. v. Wrenn*, 132 Ga.App. 287 (208 SE2d 124) (1974). 'The cardinal rule of the summary procedure is that a court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue.' *Davis v. Dekalb County Hosp. Auth.*, 162 Ga.App. 477, 479 (291 SE2d 131) (1982). It thus appears that summary judgment was inappropriate."

*Id.* (Emphasis added).

It is important to note that in *Georgia Highway Express*, which involved the splitting of causes of action, as well as in *Menendez*, which involved joint tortfeasors, the highest Georgia courts considering these issues have held that, where a form general release is involved, the contemporaneous, accompanying external documents have equal dignity to the form general release itself. Resort, therefore, should not be required to the rules governing the admission of parol evidence (i.e., ascertainment of whether the release itself is ambiguous) prior to considering those contemporaneous documents or admitting them into evidence where a form general release is involved. In arriving at this conclusion, the Court has not considered it necessary to distinguish by name the cases cited by defendants as to the Georgia law on the subject. The current position of the law in Georgia that where form general releases

are involved, extrinsic evidence may be resorted to in order to determine the true intentions of the parties, has been an evolving one of relatively recent origin, perhaps beginning with *Williams v. Physicians & Surgeons Community Hosp., Inc.*, 249 Ga. 588, 292 S.E.2d 705, decided in 1982.

The Court is convinced that the law, as enunciated by *Georgia Highway Express, supra*, sets forth what is now the authoritative Georgia law on the subject. It is not within the province of this Court to pass on the wisdom of any rule of law established by competent Georgia authorities. However, the Court should note that the current Georgia rule is a salutary one. Form general releases, because of the ease of filling in blanks as opposed to composing a customized release, are of widespread use in the claims field, sometimes in Procrustean fashion. Thus, in *Williams*, 249 Ga. at 590, 292 S.E.2d 705, Justice Smith wrote:

"The central rationale of the many decisions, including *Knight v. Lowery* [228 Ga. 452, 185 S.E.2d 915 (1971) ], which have adopted the so-called 'modern rule' regarding the effect of a release on the liability of a successive tortfeasor is that courts should look to the real intention of the parties to a general release rather than relying on an artificial conclusive presumption of law based on general, boilerplate language contained in the release.

\*        \*        \*        \*        \*        \*

Georgia is the lone exception. .... We can no longer adhere to this harsh rule."

Earlier Justice Smith wrote:

"We are in full accord with the rule established in *Knight v. Lowery* that release of one tortfeasor releases a successive tortfeasor only if the parties to the release intended to release both tortfeasors. Our decision there was but a specific application of the broader principle that 'a plaintiff should never be compelled to surrender his cause of action against any wrongdoer unless he has intentionally done so, or unless he has received such full

compensation that he is no longer entitled to maintain it.'"

*Id.* 249 Ga. at 589, 292 S.E.2d 705.

The plaintiff's proffer, therefore, certainly demonstrates at the very least a genuine issue of material fact as to the effect of the form general release here involved. The defendants' motion for summary judgment is DENIED. The plaintiff has not filed a motion for summary judgment on this issue.

*MOTION TO AMEND COMPLAINT*

Plaintiff's motion to amend her complaint is **DENIED** as moot in view of the above ruling.

SO ORDERED.