[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13876
Non-Argument Calendar

_____

D. C. Docket No. 04-03186-CV-WSD-1

KENAN TRANSPORT COMPANY,

Plaintiff-Appellant,

versus

THE UNITED STATES COAST GUARD,
NATIONAL POLLUTION FUNDS CENTER,
as Administrator of the Oil
Spill Liability Trust Fund,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 21, 2006)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Kenan Transportation Company ("Kenan") challenges the United States Coast Guard's and its National Pollution Fund's ("NPFC") denial of its claim to recover removal costs from the Oil Spill Liability Trust Fund. Kenan argues that the NPFC acted "contrary to law" when it found that Kenan had released its claims to a third party, making Kenan ineligible for relief from the fund.

## BACKGROUND

In 1998, a tanker trunk owned by Kenan collided with a pickup truck driven by Lisa Huffman. Three thousand gallons of diesel fuel discharged from the tanker, impacting stormwater catch basins which discharged into the Chattahoochee River. Kenan hired a local emergency response contractor to perform the clean-up work, incurring $105,575.02 in clean-up costs. Kenan's truck was also determined to be a total loss with property damage valued at $34,884.89. It is undisputed that Kenan was not at fault in the accident. Kenan sought to settle with Huffman's insurance company, Allstate Insurance Company. Allstate agreed to provide Kenan with $25,000, the liability policy limit, and a Kenan company representative signed a release executed December 9, 1998, which stated, in part:

> [F]or myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge Lisa Huffman and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from

2

any and all property claims, demands, damages, costs, expenses, actions and causes of action arising from any act or occurrence up to the present time and particularly on account of all property damage, or damages of any kind related to property only, already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 5th day of August, 1998, at or near Marietta, Road.

In November 2001, Kenan filed a claim with the NPFC under the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701 *et seq.*, seeking reimbursement for the amount paid in clean up costs after the accident. The OPA allows for reimbursement of spill removal costs to owners who incur such expenses when the spill is caused by a third party. 33 U.S.C. §§ 2702(d)(1)(A), 2703(a)(3). Reimbursement is conditioned upon the claimant transferring to the government the claimant's rights to recover from the responsible party. 33 U.S.C. § 2712(f). The NPFC denied Kenan's claim finding that the release limited its ability to recover from the responsible party, Huffman.

Kenan sued in district court where the parties stipulated that the only issues before the court were two questions of law: (1) whether § 2712(f) required the claimant to be able to transfer all claims to the Government and (2) whether the scope of the release between Allstate and Kenan limited the government's right to recover from Hoffman. The district court reviewed the agency's decision under the Administrative Procedure Act, 5 U.S.C. § 706, and held that the NPFC's denial was neither arbitrary, capricious, nor contrary to applicable law.

3

DISCUSSION

On appeal, Kenan argues that Kenan was required to transfer only the environmental claims to the government under 33 U.S.C. § 2712(f). Kenan also argues that the NPFC decision denying Kenan's claim was contrary to law because the NPFC interpreted the release as releasing the claims to environmental clean-up costs when the release was limited to property damage claims. The government argues that its interpretation of the release is entitled to deference. It also maintains that the OPA requires claimants to be able to transfer its rights of recovery against the responsible party for the claimed costs, and Kenan was unable to do so because of the release it signed with Allstate.

While agency decisions within their area of expertise are often entitled to deferential review, when the agency requests deference on contract interpretation, a question of law, we are presented with a more difficult issue because in the abstract the agency has no comparative advantage over the court. *See Muratore v. U.S. Office of Personnel Mgmt.*, 222 F.3d 918, 922-23 (11th Cir. 2000). However, we need not decide whether the agency should receive such deference in this case because Kenan would not prevail under any standard.

For Kenan to prevail, the release agreement must preserve claims against Huffman for clean-up costs. *See* 33 U.S.C. § 2712(f)(requiring the subrogation of

claims against responsible party to the government).  We agree with the district court that the language of the release agreement waived these claims.  Under Georgia law, a release agreement is subject to the ordinary rules of contract.  *U. S. Anchor Mfg., Inc. v. Rule Indus., Inc.*, 443 S.E.2d 833, 835 (Ga. 1994).  The parties' intentions at the time of the agreement control, and it should not be presumed that parties intended to contract away legal rights unless the subject matter appears clearly within the release.  *Id.*

Kenan and Allstate's agreement releases damages claims "of any kind related to property only."  Clean-up costs due to property damage would fall within this provision.  Furthermore, the release covers "costs" or "expense" that "aris[e] from, any act or occurrence up to the present time and particularly on account of all property damage. . . ."  In this case, the clean-up cost arose from damage to Kenan's property, the tanker truck, and were released under this provision as well.  Like the district court, we are further convinced of this interpretation by the evidence of parties' intent.  *See Georgia Highway Exp., Inc. v. United Parcel Service, Inc*, 297 S.E.2d 497, 498 (Ga. Ct. App. 1982) ("When a standard form release is employed, it is essential that any accompanying properly authenticated contemporaneous documents be construed in pari materia with the form release, so that the intentions of the parties may be ascertained and allowed to control.")

When Kenan submitted its claim to Allstate, it listed both the property damage and clean-up costs, noting that "clean-up costs are continuing as directed by GA EPD."

Given the language of the release agreement, the government could deny Kenan's reimbursement claim because Kenan was unable to transfer its rights to clean-up costs to the government as required by § 2712(f). The district court correctly interpreted the release agreement, and its order is affirmed.

**AFFIRMED.**